ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS v. LEWELLEN BROS.

(Circuit Court of Appeals, Fifth Circuit. December 26, 1911.)

No. 2,206.

CARRIERS (§ 36*)—INTERSTATE COMMERCE—RATES—FAILURE TO FILE—DAMAGES.

Interstate Commerce Act Feb. 4, 1887, c. 104, § 8, 24 Stat. 382 (U. S. Comp. St. 1901, p. 3159), provides that in case any common carrier subject to the act shall do, cause to be done, or permit to be done, any act, matter or thing in this act prohibited or declared to be unlawful, or shall omit to do any act, matter, or thing required by the act to be done, it shall be liable to any person injured for the full amount of damages sustained, together with a reasonable counsel or attorney's fee, etc. Held that, where defendant failed to file and post an established rate between certain points in Texas in its office at one of them, and by reason thereof plaintiff was compelled to pay more freight on a shipment of cattle over defendant's railroad than he would have been required to pay under a competitive rate in force over another route, plaintiff was entitled to recover the difference as damages, though the effect of such recovery would be to give plaintiff a quasi rebate from the established rate over defendant's line.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 95; Dec. Dig. § 36.*]

In Error to the Circuit Court of the United States for the Eastern District of Texas.

Action by Lewellen Bros. against the St. Louis Southwestern Railway Company of Texas. Judgment for plaintiffs, and defendant brings error. Affirmed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

H. B. Marsh, for plaintiff in error.

J. A. Ward, for defendants in error.

Before PARDEE and SHELBY, Circuit Judges, and GRUBB, District Judge.

PARDEE, Circuit Judge.   Under section 6 of the interstate commerce law, it was the duty of the St. Louis Southwestern Railway Company of Texas to file, print, and keep open for public inspection at its station or depot at Mt. Pleasant, Tex., and to keep the same posted in large type in two public and conspicuous places, the separately established rates, fares, and charges applicable to through shipments from Mt. Pleasant, Tex., to Mill Creek, Okl.

The case shows that the plaintiff in error had established as applicable to the rate on cattle from Mt. Pleasant, Tex., to Mill Creek, Okl., a rate from Mt. Pleasant to Sherman, Tex., and that the same was Southwestern Tariff Sheet, No. 1,241, Interstate Commerce Commission No. 95, and that such established rate was not filed and kept open for public inspection and posted in the station at Mt. Pleasant, and that, in consequence thereof and because such established rate could not be found in the station or depot, the agents of the railway company at Mt. Pleasant gave to the defendants in error a much lower rate on cattle from Mt. Pleasant, Tex., to Mill Creek, Okl., than such established rate required, and lower than the competitive rate on cattle shipments over the Missouri, Kansas & Texas Railway from Pittsburg, Tex., in the same locality as Mt. Pleasant, to Mill Creek, Okl., which lower rate was accepted and paid by the defendants in error for the shipment of 28 cars of cattle from Mt. Pleasant, Tex., to Mill Creek, Okl., and that at Mill Creek, Okl., the railway company's agents compelled the defendants in error to pay a through rate according to the separately established rate, Southwestern Tariff Sheet, No. 1,241, as applicable to through shipments from Mt. Pleasant, Tex., over the plaintiff in error's railway, to Sherman, Tex., which through rate was much higher than the through competitive rate from Pittsburg, Tex., to Mill Creek, Okl., over the Missouri, Kansas & Texas Railway.

Section 8 of the interstate commerce act provides as follows:

"That in case any common carrier subject to the provisions of this act shall do, cause to be done, or permit to be done, any act, matter or thing in this act prohibited or declared to be unlawful, or shall omit to do any act, matter or thing in this act required to be done, such common carrier shall be liable to the person or persons injured thereby for the full amount of damages sustained in consequence of any such violation of the provisions of this act, together with a reasonable counsel or attorney's fee, to be fixed by the court in every case of recovery which attorney's fee shall be taxed and collected as part of the costs in the case."

This suit was brought under above section, charging omission of the filing and posting of the established rate, Southwestern Tariff Sheet, No. 1,241, from Mt. Pleasant, Tex., to Sherman, Tex., to recover as damages the difference between the rate actually paid between Mt. Pleasant, Tex., and Mill Creek, Okl., and the competitive

rate over the Missouri, Kansas & Texas Railway from Pittsburg, Tex., to Mill Creek, Okl., charging that such damage proximately resulted because of the failure to print, file, and keep open for public inspection and posted at Mt. Pleasant, Tex., the separately established rate applicable to through shipments from Mt. Pleasant, Tex., to Sherman, Tex.

The case was tried by a jury under proper instructions with regard to the duties of the plaintiff in error under the interstate commerce act and as to the rule of damages and the proximate cause thereof. The contention in this court is that, although the damages claimed were actually suffered, they cannot be here recovered, because to allow them would be in effect to permit the transportation of defendant in error's cattle over the plaintiff in error's railway at less than the fixed and established rates therefor; citing Gulf, Colorado & S. F. Ry. v. Hefley, 158 U. S. 102, 15 Sup. Ct. 802, 39 L. Ed. 910; Texas & Pacific Ry. Co. v. Mugg, 202 U. S. 242, 26 Sup. Ct. 628, 50 L. Ed. 1011; Texas & Pacific Railway Company v. Abilene Cotton Oil Co., 204 U. S. 426, 27 Sup. Ct. 350, 51 L. Ed. 553; Texas & Pacific Ry. Co. v. Cisco Oil Co., 204 U. S. 449, 27 Sup. Ct. 358, 51 L. Ed. 562. In our opinion these cases are not applicable so far as to control the instant case. It may be that to permit a recovery the defendants in error will incidentally have and receive a lower rate on the shipment of their cattle over the plaintiff in error's line than the established rate over that line, but the defendants in error were not compelled to ship their cattle over that line, but could have shipped over the competitive line at a much lower rate, and would have so shipped but for the negligence accompanied by false representations of plaintiff in error's agents.

It necessarily follows from the verdict of the jury that the plaintiff in error failed to comply with the provisions of section 6 of the interstate commerce act; that as a proximate result thereof defendants in error were made to pay a higher price for the transportation of their cattle than the actual competitive rate from the same neighborhood to the same destination. That the plaintiff in error should pay these damages seems to follow from the letter and spirit of section 8 of the interstate commerce law, although the indirect result may be that the defendants in error thereby get a quasi rebate from the established rate over the plaintiff in error's line, but not a rebate from the rate of which they could and would have availed themselves but for the plaintiff in error's negligence; and which rate was, we assume, a fair, reasonable, and just rate, available to all shippers of cattle in the locality. In Texas & Pacific Ry. Co. v. Cisco Oil Mill, supra, after declaring that the posting of tariffs in two public and conspicuous places in every depot, etc., plainly had for its object the affording of special facilities to the public for ascertaining the rates actually in force, the court afterwards says:

"Whether by the failure to post an established schedule a carrier became subject to penalties provided in the act to regulate commerce, or whether if damage had been occasioned to a shipper by such omission, a right to recover on that ground alone would have obtained, we are not called upon in this case to decide."

This means at least that up to 204 U. S., 27 Sup. Ct., 51 L. Ed., the Supreme Court had not decided the question, and we have been cited to no decision since.

To give full effect to section 8 of the interstate commerce law, it is necessary to hold that in this and similar cases the party injured and damaged by the failure of a carrier to comply with the plain requirements of section 6 as to advising the public of established rates should be allowed to recover his actual damages, although thereby may follow incidentally—not to say remotely—a quasi reduction from a high and unreasonable and unpublished, though established, rate which the carrier foisted on the shipper.

And in our opinion it would be unreasonable and unjust to hold the shipper as knowing and bound by a rate the carrier has not published and otherwise conceals because the same is in a certain sense an established rate under the interstate commerce act, and at the same time deny the shipper the damages directly resulting from the failure and neglect of the carrier to post the rate as required by the express terms of the same act.

The judgment of the Circuit Court is affirmed.