## ILLINOIS CENTRAL RAILROAD COMPANY *v.* HENDERSON ELEVATOR COMPANY.

### ERROR TO THE COURT OF APPEALS OF THE STATE OF KENTUCKY.

No. 105.   Argued December 19, 1912.—Decided January 6, 1913.

Failure to post rates does not estop the carrier from collecting the published tariff rate notwithstanding a lower rate may have been quoted to the shipper. *Kansas City Southern Ry. Co.* v. *Albers Commission Co.*, 223 U. S. 573.

138 Kentucky, 220, reversed.

THE facts are stated in the opinion.

*Mr. Edmund F. Trabue,* with whom *Mr. Blewett Lee,* was on the brief, for plaintiff in error:

The decision below restores the evil of rebates. Its effect is to give the shipper a lower rate than other shippers who had to pay for their transportation according to the published rates. It forces the carrier to pay the shipper a rebate from the lawful rate. If the judgment below can stand, an effective way has at last been found to guarantee shippers against future changes of railroad rates, and the decision in *Armour* v. *United States,* 209 U. S. 56, approved in *Phila. &c. Co.* v. *Schubert,* 224 U. S. 603, 615, becomes a dead letter. *Texas & Pacific Ry. Co.* v. *Mugg,* 202 U. S. 242, controls this case.

Posting the tariff was not essential. *Kansas City Southern Ry. Co. v. Albers Commission Co.*, 223 U. S. 573, 594; *Texas & P. R. Co. v. Cisco Oil Mill*, 204 U. S. 449; *United States v. Miller*, 223 U. S. 599.

The meaning of the statute has been made clear by subsequent legislation. *United States v. Freeman*, 3 How. 556, 564; *Cope v. Cope*, 137 U. S. 682, 688; *Johnson v. Southern Pacific Co.*, 196 U. S. 1, 21; *Wetmore v. Markoe*, 196 U. S. 68, 77; *Tiger v. Western Investment Co.*, 221 U. S. 286, 309.

When several acts of Congress are passed touching the same subject-matter, subsequent legislation may be considered to assist in the interpretation of prior legislation upon the same subject.

See act of June 18, 1910, 36 Stat. 548, providing for penalty on the carrier in case of misstatement of rate, which covers the contingency of a shipper's entering into a sale or other contract whereby the obligation arises to ship the freight at his cost. The evident intent of the act is, that there shall be no other remedy. It is also a legislative construction of the act that previously no action would lie under the circumstances for which this remedy is provided. For legislative history of that act, see Sen. Bill, 6737, House Bill, No. 17,536, House Report, No. 923, 61st Congress, 2d Sess., p. 9; Sen. Report, 355, part two, 61st Congress, 2d Sess., p. 24; Cong. Rec., March 18, 1910, p. 3372; April 12, 1910, p. 4588; April 18, 1910, pp. 4937–4940; April 19, 1910, p. 5020; May 3, 1910, p. 5749; June 1, 1910, p. 7206; June 7, 1910, pp. 7569, 7570; June 14, 1910, p. 8134.

For construction of the rule adopted by the Interstate Commerce Commission, see *Poor Grain Co. v. C., B. & Q. Ry. Co.*, 12 I. C. C. Rep. 418, 421, 423.

The court should adopt the ruling of the Commission charged with the construction of the act. *United States v. Alexander*, 12 Wall. 177, 180; *N. Y., N. H. & H. R. R. Co. v. Int. Com. Commn.*, 200 U. S. 361.

For construction of the rule in the state courts, see *Louisiana Nav. Co.* v. *Holly*, 127 La. Rep. 615; *Schenberger* v. *Union Pac. R. Co.*, 84 Kansas, 79, citing *Gulf, Col. &c. Ry.* v. *Hefley*, 158 U. S. 98; *Texas & Pacific Ry. Co.* v. *Mugg*, 202 U. S. 242; *Texas & Pacific Ry.* v. *Abilene Cotton Oil Co.*, 204 U. S. 426; *Armour Packing Co.* v. *United States*, 209 U. S. 56, and see *Atchison, T. & S. F. Ry. Co.,* v. *Bell*, 120 Pac. Rep. 987.

Decisions similar to those from which we have quoted under the Interstate Commerce Act have also been made in the construction of state laws imposing similar requirements. *Haurigan* v. *C. & N. W. R. R.*, 80 Nebraska, 132; *Savannah &c. Co.* v. *Bundich*, 94 Georgia, 775; 22 Harvard Law Rev., p. 58.

*M. P. Ry.* v. *Crowell &c. Co.*, 51 Nebraska, 293, distinguished.

For the present rule in Kentucky, see *Ches. & Ohio Ry. Co.* v. *Mayesville Brick Co.*, 132 Kentucky, 643; *C. & O. Ry. Co.* v. *Morton*, 143 Kentucky, 201; *Lou. & Nash. R. R.* v. *Coquillard &c. Co.*, 147 Kentucky, 530.

The state court had no jurisdiction of a suit by a shipper to recover back a sum, the collection of which it claimed was a violation of the act of Congress. Only the Commission and the Federal courts would have jurisdiction. *T. & P. Ry.* v. *Abilene &c. Co.*, 204 U. S. 426; *Southern Ry.* v. *Tift*, 206 U. S. 428; *Van Patten* v. *C., M. & St. P. R. Co.*, 74 Fed. Rep. 981, 982; *Sheldon* v. *Wabash R. Co.*, 105 Fed. Rep. 785, and see also *Robinson* v. *Balt. & Ohio R. R. Co.*, 222 U. S. 506.

There was no duty to post these rates at Henderson, Kentucky. The rates are required to be posted or filed only at points of origin, or, probably, at points of destination also. *N. Y. Bd. of Trade* v. *P. R. R. Co.*, 3 I. C. C. Rep. 417, 442; *N. O. Cotton Exch.* v. *L., N. O. & T. R. Co.*, 3 *Ibid.* 523, 525.

*Mr. James W. Clay, Mr. J. F. Clay* and *Mr. A. Y. Clay*
for defendant in error, submitted:

According to every principle of the common law applicable to such cases, upon every rule of negligence and liability therefor, upon every rule of human reason and common justice,—the shipper under the facts of this case is entitled to recover, and no court, having jurisdiction of the parties and of the subject-matter, will undertake to deprive it of that right, unless compelled to do so by some mandatory provision of a constitutional statute.

There is nothing in the Commerce Act that deprives the shipper of its right to recover in this case; and no court, Federal or state, whose decisions could be regarded even as authority by this court, has ever held that under the facts established by the evidence in this case, the party injured was without remedy, or could not recover.

The ten cent rate prescribed under the schedule of 1906, was established in the manner and form required by law, and it stands as the rule until superseded by a schedule published, filed and posted in the manner and form required by law.

The filing of a tariff in the office of the Secretary of the Interstate Commerce Commission does not establish the rate. Frequently tariffs are filed in the office of the Interstate Commerce Commission which never become effective, or which are withdrawn, or repealed, or superseded before they do become effective.

When the shipper does everything one could be expected to do, and then suffers a loss by reason of the negligent failure of the railroad company to comply with the mandatory provisions of a statute,—no court has ever held that the railroad company is not liable and the shipper without remedy.

The cases cited by counsel as sustaining a contrary view as matter of fact bear out the above statement.

If the carrier in this case had filed the schedule of

April 1, 1907, in its office at Henderson, or published it as contemplated by the act, with the unusual precaution taken by the shipper as here shown, it would have been found and the loss complained of would never have occurred.

In this case after making a contract to pay freight, the shipper is notified,—not that in thirty days the rate will be increased,—but that this increase was made five or six months before, has been effective that long, and is now in full force and effect. What could the shipper do? He is deprived of the usual thirty days in which he might carry out his contract. He cannot obtain relief from the purchaser. It is too late to appeal to the Interstate Commerce Commission, because the rate has already gone into effect. There is absolutely no way to protect himself, and without any fault on his part, but through the sole fault of the carrier, he must suffer a loss, in this case of $1,960 unless the courts make that loss fall on the carrier, where it belongs under the facts of this case.

Neither the shipper nor the agent could have had any knowledge of any other tariff than the one establishing the ten cent rate, because no other tariff had been published or filed and notice of no other tariff had been given.

It is also argued that the tariff in question was not required to be filed at Henderson, and that such tariffs are only required to be posted or filed at points of origin. The carrier however is required to publish and file its tariffs at every station which is directly or indirectly affected by it. *Re Passenger Tariffs*, 2 I. C. C. Rep. 445; *N. O. Cotton Exchange v. Railroad*, 3 I. C. C. Rep. 525; *Railroad Co. v. Hefley*, 158 U. S. 98; *Armour v. United States*, 209 U. S. 56.

The act provides that where a suit is brought involving a question of unreasonableness of rate, or a question of discrimination in rates, the Interstate Commerce Commission and the Federal courts have jurisdiction. This

action, however, is upon neither of these grounds. This is a case, as we have shown, based upon the common-law right to recover damages for the negligent act of another. The state court is bound by the. Federal statute, but it has the same right to construe it that the Federal courts have.

. The jurisdiction of the state courts of cases arising under the laws of the United States is concurrent with that of the Federal courts, save and except where such jurisdiction is expressly prohibited. Federalist, No. 82; *Plaquemines Fruit Co.* v. *Henderson,* 170 U. S. 515; Section 711 of the Rev. Stat.; *West. Un. Tel. Co.* v. *Call Publishing Co.,* 181 U. S. 92; *Galveston &c. R. Co.* v. *Wallace,* 223 U. S. 481.

Memorandum opinion, by direction of the court, by Mr. Chief Justice White.

. The Henderson Elevator Company, defendant in error, as plaintiff below brought this action to recover damages from the Railroad Company, the plaintiff in error, because of a loss alleged to have been sustained by an erroneous quotation by the agent of the Railroad Company of the freight rate on corn shipped in interstate commerce from the station of the Railroad Company at Henderson, Kentucky. A rate of 10 cents per hundred pounds was quoted by the agent when in fact the rate as fixed by the published tariff on file with the Interstate Commerce Commission and effective at the time was 13½ cents per hundred pounds. On the trial before a jury the court instructed that if the loss sustained by the plaintiff "was occasioned and brought about by defendant's failure to have posted or on file in its office in Henderson, Kentucky, its freight tariff rate in question and by reason of any erroneous quotation of defendant of its freight rate from and to the points in question, of which plaintiff com-

plains, . . ." there should be a verdict for the plaintiff. A verdict having been rendered for the plaintiff in accordance with this instruction and the judgment entered thereon having been subsequently affirmed by the Court of Appeals of Kentucky (138 Kentucky, 220), this writ of error was sued out.

It is to us clear that the action of the court below in affirming the judgment of the trial court and the reasons upon which that action was based were in conflict with the rulings of this court interpreting and applying the Act to Regulate Commerce. *New York Cent. R. R.* v. *United States* (No. 2), 212 U. S. 500, 504; *Texas & Pacific R. R. Co.* v. *Mugg,* 202 U. S. 242; *Gulf Railroad Co.* v. *Hefley,* 158 U. S. 98. That the failure to post does not prevent the case from being controlled by the settled rule established by the cases referred to is now beyond question. *Kansas City So. Ry. Co.* v. *Albers Comm. Co.,* 223 U. S. 573, 594 (a).

*Reversed.*