Grafton, }
March 4, 1913. }

### AMERICAN EXPRESS CO. *v.* KIMBALL & NUTTER.

Where the minds of a consignor and a carrier fail to meet upon an agreement for a special freight rate in consideration of limited liability, the carrier is entitled to recover the full price as fixed by its schedules.

ASSUMPSIT, for the balance of express charges for the transportation of a carload of horses from Indianapolis, Indiana, to Woodsville, New Hampshire. Transferred without ruling from the September term, 1912, of the superior court by *Mitchell*, J., on an agreed statement of facts.

The parties signed a written contract for the service in question, by the terms of which the plaintiff was to receive $250, and the value of each horse was limited to $75. The defendants did not under-

stand there was any agreement to limit the value of their property. The minds of the parties did not meet upon this proposition.   The horses were damaged while in the plaintiff's possession; and the defendants brought suit, repudiated the contract, and recovered from the plaintiff on the basis of the actual value of the horses. *Kimball* v. *Express Co.*, 76 N. H. 81.   The plaintiff seeks to recover the difference between the $250 paid to it and the rate it should have charged if the value of the property was not limited by agreement of the parties.   Schedules showing both rates had been duly filed by the plaintiff in compliance with the interstate commerce acts.   If the plaintiff is entitled to recover upon these facts, it is to have judgment for $332.25, with interest and costs.

*Drew, Shurtleff & Morris* (*Mr. Morris* orally), for the plaintiff.

*Edgar W. Smith* (by brief and orally), for the defendants.

Peaslee, J.   The parties supposed they had made a written contract for carriage.   It subsequently developed that they had not done so, because their minds never met upon the terms of the agreement.   The plaintiff entered upon the performance of its obligations as a carrier, has paid for its failure to fully perform the same, and now seeks to be paid for the service the price fixed by its schedules filed in compliance with the interstate commerce acts.

By no act of its own can the carrier vary the amount to be received by it for carriage.   This rule is based upon the highly practical ground, among others, that otherwise discrimination might be covered up.   *Illinois Central R. R.* v. *Company*, 226 U. S. 441, and cases there cited.   These authorities are controlling here. The service rendered was the carriage from Indianapolis, Indiana, to Woodsville, in this state, of twenty-eight horses of the aggregate value of $5,422.50.   In the absence of a contract limiting the value of the horses to a less sum, the plaintiff was by law bound to charge and collect the amount now claimed.

Various defences have been argued.   It is said that if the plaintiff had faithfully performed its contract the $250 which the defendants paid it would be all that could be claimed.   But the plaintiff's failure to perform its contract cannot vary the price it was bound to charge for the service it engaged to render.   That failure gave rise to a cause of action in favor of the bailors.   It did not vary the contract which the parties made or which the law made for them.   Undoubtedly, if the horses had been delivered in good con-

dition that would have been the end of the controversy. The reason would have been, however, that the defendants would never have disclosed to the plaintiff the fact that they never agreed to the limited valuation. When that failure to agree was shown, the right and the duty of the plaintiff to collect the balance of the higher rate were disclosed. This right existed from the moment the carriage was undertaken. The course of subsequent events made its existence known. Its validity is not affected by the practical certainty that under other circumstances it would not have been discovered.

It is urged that in *Kimball & Nutter* v. *American Express Company* recovery was had upon the ground that the defendant deviated from its contract. If this claim were true it would not affect the present case. The issue here is not varied, nor the result affected, by what was or was not the course of the litigation in the former suit. The present plaintiff's claim is not based upon the fact that it was found liable for the full value of the horses in the former suit. It is based upon the fact, agreed to in this suit, that "there was a failure of the minds of the parties to meet when the contract was signed." But the claim that the former judgment was for a deviation is not well founded in fact. It was expressly put upon the ground that the contract for limited liability was voidable upon the part of Kimball & Nutter. *Kimball* v. *Express Co.,* 76 N. H. 81, 83.

The remaining arguments advanced are all based upon the proposition that there was a written contract. Since it is settled that there was no written contract, but only an attempt to make one which failed because the minds of the parties did not meet, these arguments have no application in the present case.

The main question in this case was involved in *Lovell* v. *Railroad,* 75 N. H. 568, 571. It was there held, in substance, that if the bailor avoided the special contract and sought to recover the full value of the property, he must pay the sum due for the service in the absence of a special contract.

*Judgment for the plaintiff.*

All concurred.