# W. C. GOODNOW COAL COMPANY v. NORTHERN PACIFIC RAILWAY COMPANY.[1]

## May 11, 1917.

## Nos. 20,246—(73).

**Carrier — notice of tariff rates.**

1. The tariff rates for the transportation of goods and property by common carriers are fixed and prescribed by law, of which all concerned are charged with notice.

**Same — carrier not liable for error of its agent.**

2. A railroad company having transported a car of goods from a point without to a point within the state to which it was consigned, is not liable to a purchaser of the goods from the consignee for the error of its agent in quoting a tariff rate upon a connecting line for transporting the car to another point within the state, or for the erroneous statement that the car would go forward on a through tariff rate.

[1] Reported in 162 N. W. 519.

**Same — rate of connecting carrier.**

> 3. The railroad company was under no legal duty or obligation correctly to quote such rate.

Action in the municipal court of Minneapolis to recover $47.04. The facts are stated in the opinion. The case was tried before Montgomery, J., who made findings and dismissed the action. From an order denying its motion for a new trial, plaintiff appealed. Affirmed.

*Stanley B. Houck,* for appellant.

*C. W. Bunn* and *D. R. Frost,* for respondent.

BROWN, C. J.

A car of coal was shipped over defendant's line of road from Superior, Wisconsin, to Minneapolis, consigned to the Flour City Fuel & Transfer Company. After the arrival of the car at Minneapolis, and when it was still in the possession of defendant, a representative of plaintiff telephoned defendant's local freight office at Minneapolis, stating that plaintiff had an opportunity of buying the coal on the track, and that the purchase would be made if the car could be moved to Montevideo, this state, "on through billing." The freight agent responded that the car could be so moved. The purchase was made, and plaintiff again telephoned the freight agent of the fact, and directed him to forward the car to Montevideo over the Chicago, Milwaukee & St. Paul road, with the reservation, that if a through freight rate from Superior to Montevideo did not apply the car should not be so forwarded. No inquiry as to the tariff rate from Superior to Montevideo was made by plaintiff, and no representation in respect thereto was made by defendant's local agent at Minneapolis. Defendant had no through tariff to Montevideo, and no joint rate with the Milwaukee company to that point. The car was subsequently delivered to the Milwaukee company, and by it transported to Montevideo, where the coal was taken possession of by the purchaser from plaintiff, who then paid the freight charge to the Milwaukee company of $107.31. This was $47.04 in excess of the through rate over the Milwaukee from Superior to Montevideo.

Plaintiff brought this action to recover such excess, on the theory that, by failing to obey the direction of plaintiff not to forward the car

unless the through rate applied, defendant violated a duty it owed plaintiff, and is liable for the damage resulting therefrom. The trial court on the facts stated, which are not in dispute, ordered judgment for defendant, and plaintiff appealed from an order denying a new trial.

We concur in the conclusion of the trial court. The shipment from Superior to Minneapolis was concededly interstate commerce. Whether by reason of the facts stated, and the transfer of the car to the Milwaukee company for transportation to Montevideo, it retained that character until it reached that point, therefore subject to a through tariff rate, we do not stop to consider or determine (Atchison, T. & S. F. Ry. Co. v. Harold, 241 U. S. 371, 36 Sup. Ct. 665, 60 L. ed. 1050), for, as we view the case, plaintiff is not entitled to recover whatever may be the answer to that question. It may be conceded that plaintiff had the legal right to direct the reshipment of the car to Montevideo, and to require defendant to deliver the same to the Milwaukee company. But it cannot be conceded that plaintiff had the further or additional right to require defendant, at its peril, to determine the legal rights of the Milwaukee company in respect to the charges to be demanded for its share in transporting the car, or to determine the question whether a through interstate rate would apply. The nature of the relations existing between plaintiff and defendant involved no such duty on defendant's part, and the statement of the local agent that a through rate would apply, was but the expression of an opinion on his part upon a question of law, for which, even though erroneous, defendant is not liable in damages. In fact, both the character of the shipment from Minneapolis to Montevideo, and tariff rate therefor, were matters of law, not of fact, of which plaintiff, equally with defendant, was bound to take notice. Louisville & N. R. Co. v. Maxwell, 237 U. S. 94, 97, 35 Sup. Ct. 494, 59 L. ed. 853, L.R.A. 1915E, 665; Texas & P. Ry. Co. v. Mugg, 202 U. S. 242, 26 Sup. Ct. 628, 50 L. ed. 1011; Kansas Southern Ry. Co. v. Carl, 227 U. S. 639, 653, 33 Sup. Ct. 39, 57 L. ed. 683; Illinois Cent. R. Co. v. Henderson Elevator Co. 226 U. S. 441, 33 Sup. Ct. 176, 57 L. ed. 290. Defendant, therefore, violated no duty it owed plaintiff in not ascertaining before forwarding the car the tariff rate

thereon to Montevideo, and the trial court properly awarded judgment
for defendant.

Order affirmed.