St. Louis, Iron Mountain & Southern Railway Com-
pany *v.* Wood.

## Opinion delivered December 9, 1918.

1. Carriers—interstate rates—erroneous quotation—damages.—
   In a suit to recover undercharges on interstate shipment, shipper
   could not recover damages due to misquoting of rate by the car-
   rier's agent, or for failure of the carrier to post latest tariff in its
   station, as required by Interstate Commerce Act of February 4,
   1887, § 6, as amended by act March 2, 1889, §§ 1, 9, in view of the
   construction placed upon said act by Supreme Court of United
   States.

2. Courts—federal decisions binding on state court.—The con-
   struction placed by the Supreme Court of the United States upon
   the Interstate Commerce Act of February 4, 1887, as amended
   by act March 2, 1889, is binding upon the State courts.

Appeal from Izard Circuit Court; *J. B. Baker,*
Judge; reversed.

*Troy Pace* and *Samp Jennings,* for appellant.

1. These were interstate shipments. Posting is not
essential to make the rates legal. 273 U. S. 573; 204
*Id.* 449.

.2. Defendant was not entitled to damages for
the failure to post the schedule in its station. 227 U. S.
639, 652; 212 Fed. 324; 138 Ky. 220; 127 S. W. 779; 226
U. S. 441; 27 I. C. C. 625.

3. The counterclaim was improperly allowed. 233
Fed. 135, 716; 219 U. S. 467; *Ib.* 486; 237 *Id.* 94; 202 *Id.*
242; Judson on Interstate Com. (2 Ed.), § 307; 226 U.
S. 441.

Humphreys, J. Appellant instituted suit against
appellee before a justice of the peace in Izard County
to recover $53.60 undercharges in freight charges on five
carloads of lumber shipped from Calico Rock, Arkansas,
to Springfield, Missouri.

Appellee denied the material allegations in the com-
plaint and filed a cross-bill for damages for an equal

amount on account of the failure of appellant to post the latest freight tariff on lumber in its station, as required by section 6 of the Interstate Commerce Act of February 4, 1887, as amended by the act of March 2, 1889; and because the station agent quoted a rate of 10½ cents per hundred-weight, according to an old printed tariff, instead of 13 cents per hundred-weight, as provided by the printed schedule of freight rates in the office of the Interstate Commerce Commission.

The cause was heard by the court, sitting as a jury, upon the pleadings and an agreed statement of facts, from which the court found that appellant was entitled to recover $53.60 with six per cent. interest thereon as under-freight charges on lumber shipments, but that appellee was entitled to reparation in an equal amount on account of the failure of appellant to post the 13 cent rate in its station and because its agent misquoted the new tariff freight rate of 13 cents per hundredweight to the appellee. In accordance with the findings, a judgment was rendered dismissing appellant's complaint. Proper steps were taken, and an appeal has been prosecuted to this court.

The agreed statement of facts showed that the old tariff rate fixed by the Interstate Commerce Commission on the kind of lumber shipped was 10½ cents per hundredweight; that, in the manner provided by law, the Interstate Commerce Commission later raised the rate to 13 cents per hundredweight; that the rate of 13 cents per hundredweight was fixed by the Commission prior to the shipments of lumber upon which an undercharge was made; that the station agent had received no notice of the raise in rate nor had posted the 13-cent tariff rate in the station, and that the station agent quoted the old tariff rate of 10½ cents to appellee and showed him the old printed tariff at the time the shipments in question were made; that, had the new tariff rates been posted in accordance with section 6 of the Interstate Commerce Act of February 4, 1887, as amended by the Act of March 2, 1889, appellee would have added the increase in rate

over the old 10½ cents per hundredweight tariff to his selling price of the lumber and in that way would have protected himself against any loss or damage.

The question then to be determined by this appeal is: Can an interstate carrier be mulcted in damages for failure to post its freight tariff rates, as fixed by the Interstate Commerce Commission, in its station, or by misquoting the existing freight tariff rate to a shipper? The answer to this question must depend upon the correct construction of section 6 and 9 of the Interstate Commerce Act of February 4, 1887.

The construction placed by the Interstate Commerce Act of February 4, 1887, as amended by the Act of March 2, 1889, by the Supreme Court of the United States, is binding upon the State courts. It seems that the exact question presented by this appeal was settled by the Supreme Court of the United States in the case of *Illinois Central Railroad Co.* v. *Henderson Elevator Co.*, 226 U. S. 441. In that case the Henderson Elevator Company brought suit against the railroad company to recover damages on account of the failure of the railroad company to post the freight rates at its station and the misquotation by the agent of the freight rate on corn shipped in interstate commerce from Henderson, Kentucky. The agent quoted a rate of 10 cents per hundred pounds, when in fact the rate fixed by the Interstate Commerce Commission, in force at the time of the shipment, was 13½ cents per hundred pounds. It was held by the trial and Supreme Court of Kentucky in that case that the railroad was responsible to the Henderson Elevator Company for any loss sustained by it brought about by the railroad company's failure to have posted or on file in its office in Henderson, Kentucky, its freight tariff rate in question or on account of a misquotation of said freight tariff rate by its agent. Mr. Chief Justice White, in reviewing the case, said for the Supreme Court of the United States:

"It is to us clear that the action of the court below in affirming the judgment of the trial court and the rea-

sons upon which that action was based were in conflict with the rulings of this court interpreting and applying the act to regulate commerce. *New York Cent. R. R.* v. *United States (No. 2)*, 212 U. S. 500-504; *Texas & Pacific R. R. Co.* v. *Mugg*, 202 U. S. 242; *Gulf Railroad Co.* v. *Hefley*, 158 U. S. 98. That the failure to post does not prevent the case from being controlled by the settled rule established by the cases referred to is now beyond question. *Kansas City So. Ry. Co.* v. *Albers Comm. Co.*, 223 U. S. 573, 594 (a)."

Following the case of *Illinois Central Railroad Co.* v. *Henderson Elevator Company, supra,* the judgment in the instant case must be reversed. It seems that the case has been fully developed, and under the undisputed facts appellant is entitled to recover a judgment of $53.60 with interest thereon at the rate of six per cent. per annum from the date of the shipment until paid, for undercharges in freight charges on five carloads of lumber shipped from Calico Rock to Springfield, Missouri. Accordingly, the judgment is reversed, and the clerk is directed to render judgment here in favor of appellant against appellee for said amount.