## Davis, Director General of Railroads v. Moody.

(Decided May 13, 1924.)

### Appeal from Henry Circuit Court.

Carriers—Director General Held Not Estopped to Sue for Balance Due on Freight Billed by Mistake at Less than Proper Rate.—Director General of Railroads was not estopped to sue for balance though defendant sold the coal at a small profit under supervision of federal government, taking freight rate paid into account, so that payment of difference would result in loss in view of Constitution, section 214, and Ky. Stats., section 817, relative to preferences.

B. D. WARFIELD and W. B. MOODY for appellant.

EDWARDS, OGDEN & PEAK for appellee.

OPINION OF THE COURT BY SANDIDGE, COMMISSIONER—Reversing.

This lawsuit was brought by the Director General of Railroads to recover from Morris T. Moody $262.40, balance due on the freight on six carloads of coal shipped to appellee at Sulphur, Kentucky, from Clay and Mercer, Kentucky. The petition alleged that by mistake the freight had been billed at less than the rate fixed, promulgated and in effect and that the difference amounted to $262.18. The answer of appellee put in issue the mistake in the rate, and affirmatively pleaded that at the time

these shipments of coal were received the coal business (his included) was under the supervision of the federal government; that he was permitted to make only $1.30 per ton profit on coal handled; that in selling the particular coal in question he took into account the freight rate paid when the coal was delivered, and that if he should be required to pay the difference between that rate and the rate sought to be recovered he would lose money on the coal in question. He pleaded these facts as an estoppel. The demurrer to the paragraph of the answer pleading the estoppel was overruled by the court.

On the trial of the case, the railroad company established by proof the shipment of the six carloads of coal from Clay and Mercer, Kentucky, to Sulphur, Kentucky, consigned to appellee, and that appellee paid a freight rate of $1.00 per ton; whereas, the rate in effect was $2.70 per ton from Clay, and $2.34 per ton from Mercer. It established that the difference in the freight rate collected and that in effect on the six cars of coal in question amounted to $262.18. The proof for the appellee on the trial below was confined to showing that the coal business then was so regulated by the federal government that coal could be sold at a profit of only $1.30 per ton. There was but slight, if any, evidence for appellee with reference to the six cars of coal in question, what freight rate he took into account in fixing the price at which he sold this particular coal. At the conclusion of the evidence, appellee offered a peremptory instruction, directing the jury to find for him, which, over the objection of appellant, was given. Motion and grounds for a new trial were duly filed and overruled, and the case is here on appellant's motion for an appeal from the judgment entered on the jury's verdict rendered under the peremptory for defendant.

It is contended by appellant here that the court below should have peremptorily instructed the jury to find for him rather than for appellee. Our examination of the record in this case has failed to disclose to us the theory upon which the court below awarded the appellee a peremptory instruction. It was suggested by brief for appellee that it was warranted by the failure of appellant to establish by proof the weight of the six carloads of coal consigned to appellee. We find, however, that the answer filed for appellee did not put in issue the weight of the six carloads of coal. The petition in the case set forth the exact weight of each of them. The an-

swer constituted a traverse in so far as the freight rate in effect between the points was concerned, but did not deny that the six carloads of coal weighed what they were alleged to have weighed in the petition. Hence, that question was not in issue.

To settle the question presented by this appeal as it was settled by the court below would be to set at naught the provisions of the Constitution, the statute laws of the state and the opinions of this court with reference to it. By section 214 of the Constitution a preferential contract for the transportation of freight is prohibited. By section 817 of the Kentucky Statutes any transportation company that gives or makes a preferential rate to a shipper is declared to be guilty of unjust discrimination and a heavy penalty is provided for so doing. In the case of C. & O. R. R. Co. v. Maysville Brick Co., 132 Ky. 644, 116 S. W. 1183, the shipper made contract with the transportation company for the transportation of 48 carloads of brick from Maysville, Kentucky, to Frankfort, Kentucky, at a rate of 4 cents per 100 pounds. The rate then fixed, promulgated and in effect was 7 cents per 100 pounds. Upon delivery the transportation company charged and collected from the consignees at the rate of 7 cents. The brick company sued to recover the difference in the rate charged and the price agreed upon by the contract. The brick company won below, and on appeal the judgment of the court below was reversed, this court holding that the sections of the Constitution and statutes, *supra,* declared the public policy of this state with reference to unjust discrimination in rates and that the contract sued on was contrary to it and therefore void.

In Illinois Central Railroad Company v. Henderson Elevator Company, 138 Ky. 220, 127 S. W. 779, the appellee sued to recover from the railroad company $1,-960.00 as damages, alleging that it sold 100,000 bushels of corn after having ascertained from the agents of the defendant the freight rate from Henderson, Kentucky, to New Orleans, Louisiana; that it was quoted a freight rate of 10 cents per 100 pounds; that it made its price and sold the corn relying on the representation of the defendant's agents that the freight rate would be 10 cents per 100 pounds, and that when the corn was delivered it was required to pay freight at the rate of 13½ cents per 100 pounds. It sought to recover the difference, the cause of action being based on the negligence of the railroad

company and its agents in quoting the incorrect freight rate and in failing to have the freight rates and tariffs on file in the office and accessible to shippers, as required by law. The elevator company won in both the circuit court and before this court, and the case was appealed to the Supreme Court of the United States and there reversed, the effect of that decision being that no recovery could be had in view of the constitutional and statutory inhibitions against discriminations in freight rates. 226 U. S. 441.

Again in L. & N. R. R. Company v. Allen, 152 Ky. 145, 153 S. W. 198, a suit by the railroad company to recover $730.00 undercharges made by it to him in a freight shipment, this court held, under the rule and reasons set forth in the case of C. & O. R. R. Co. v. Maysville Brick Company, *supra,* that as the railroad company had established that a lesser rate of freight was charged and collected in the shipment of the freight in question than the rate fixed and promulgated, and the difference amounted to the sum sued for by the railroad company, there should have been a directed verdict for plaintiff. The case at bar differs from the cases above mentioned only in that the facts of this case are sought to be relied upon as an estoppel against the railroad company's right to recover the difference in the rate charged and the rate fixed and promulgated. That would be only another way of evading the provisions of our Constitution and statutes on the subject and would serve to bring into use again the pernicious practice of discrimination in freight rates, an evil which the Constitution forbids and which the statutes were enacted to correct.

The railroad company having shown by proof the fixing and promulgation of the rates and that the difference between the rates so fixed and promulgated and the rates actually charged in this case amounted to $262.18, and there being no contrary proof, the court below, at the conclusion of the evidence in the case, should have given a peremptory instruction to the jury to find for the appellant the sum of $262.18, with interest from the date it was first demanded of appellee.

For these reasons the appeal is granted, the judgment is reversed and the cause remanded for further proceedings consistent herewith.