## PETTIBONE et al. v. RICHARDSON.
### No. 7775.

Circuit Court of Appeals, Seventh Circuit.

April 7, 1942.

B. G. Stackhouse, of Chicago, Ill., for appellants.

W. C. Richardson, of Francesville, Ind., in pro. per.

Before EVANS, KERNER, and MINTON, Circuit Judges.

MINTON, Circuit Judge.

This appeal raises the following question: May a shipper who relies on a misquotation of rates by a common carrier whose rates have been duly filed and published in accordance with Section 6(7) of the Act to Regulate Commerce, 49 U.S.C.A. § 6(7), recover damages incurred by reason of his having to pay the correct and higher rate?

From February 10, 1939 to July 1, 1939, the plaintiff transported livestock from various points outside Indiana to the defendant in Francesville, Indiana. No applicable tariff of rates was posted in plaintiff's station in Francesville. Upon delivery of the livestock, defendant in each instance requested plaintiff's agent in Francesville to ascertain from plaintiff's home office in Chicago, Illinois the correct charges due on the shipment. The agent did as requested, and defendant thereupon paid the charges stated to be due. Defendant then sold the livestock on a cost-plus basis, the cost including freight charges.

The defendant, however, was misinformed as to the proper rates, which exceeded the rates paid. Upon discovering the mistake, the plaintiff brought an action

against the defendant to recover the undercharges in the amount of $588.85. In his so-called fifth defense to the action, the defendant pleaded as a counterclaim that he had been damaged by the failure of the plaintiff to post the proper rates in its office in Francesville and by the negligence of plaintiff's agents in furnishing the incorrect rates to the defendant. Defendant prayed for damages in the amount of $510.52 and for attorney's fees.

Plaintiff's motion for a directed verdict, made at the close of all the evidence, was denied; and judgment was entered on the verdict in favor of plaintiff on his complaint and in favor of defendant on his counterclaim. The denial of plaintiff's motion for a directed verdict is relied on as error. Other errors relied on need not be considered.

■■ It is clear that the defendant, having sold the livestock on a cost-plus basis, has suffered a loss, but the decisions are definite to the effect that under the present state of facts the railroad is not liable for this loss. To allow the defendant to recover would, in substance, allow the railroad to grant a rebate. 49 U.S.C.A. Sec. 6(7); Illinois Central Railroad Co. v. Henderson, 226 U.S. 441, 446, 447, 33 S.Ct. 176, 57 L. Ed. 290; Texas & Pacific R. Co. v. Mugg & Dryden, 202 U.S. 242, 26 S.Ct. 628, 50 L.Ed. 1011; Louisville & Nashville Railroad Co. v. Maxwell, 237 U.S. 94, 97, 98, 35 S.Ct. 494, 59 L.Ed. 853, L.R.A.1915E, 665. The failure of the railroad to post tariffs in its station does not alter the rule. Illinois Central Railroad Co. v. Henderson, supra.

■ Section 8 of the Act to Regulate Commerce, 49 U.S.C.A. § 8, cannot aid the defendant.[1] Atlantic Coast Line Ry. Co. v. Bristol Steel & Iron Works, D.C., 30 F. Supp. 726, 728. The defendant is conclusively presumed to know the proper rates. Louisville & Nashville Railroad Co. v. Maxwell, supra; Kansas City Southern R. Co. v. Carl, 227 U.S. 639, 653, 33 S.Ct. 391, 57 L.Ed. 683; Chicago & Alton R. R. v. Kirby, 225 U.S. 155, 166, 32 S.Ct. 648, 56 L.Ed. 1033, Ann.Cas.1914A, 501. Therefore, the defendant had no right to rely on the railroad's quotation of rates, and no failure of duty on the part of the railroad renders it liable for defendant's loss. Although the defendant's counterclaim relied upon the rates quoted by the railroad company, which were incorrect, he must not only pay the correct rates to the railroad company, but he is without remedy against the railroad company for the damage he may have suffered in reliance upon the incorrect rates quoted. He is bound to pay the correct rates, and what the correct rates are he is bound to know.

For the reasons hereinabove given, plaintiff's motion for a directed verdict should have been granted. The case will be remanded with instructions to the District Court to grant plaintiff's motion for a directed verdict and to enter judgment for the plaintiff.

Reversed.

---

[1] "§ 8. In case any common carrier subject to the provisions of this chapter shall do, cause to be done, or permit to be done any act, matter, or thing in this chapter prohibited or declared to be unlawful, or shall omit to do any act, matter, or thing in this chapter required to be done, such common carrier shall be liable to the person or persons injured thereby for the full amount of damages sustained in consequence of any such violation of the provisions of this chapter, together with a reasonable counsel or attorney's fee, to be fixed by the court in every case of recovery, which attorney's fee shall be taxed and collected as part of the costs in the case. (Feb. 4, 1887, c. 104, § 8, 24 Stat. 382.)"