## The Western Union Telegraph Co. v. Ralph E. Weeks Co. of Delaware, Inc.

*Warren, Hill, Helkleman & McMenamin,* for plaintiff.

*Nogi, O'Malley & Harris,* for defendant.

EAGEN, J., March 26, 1958.—This is an action tried before the writer by agreement without a jury. The facts were stipulated.

Defendant corporation applied to plaintiff utility for intrastate private telegraph wire service between the cities of Scranton and Norristown. As a result such service was furnished from December 13, 1955, to August 16, 1956. At the time such service commenced, the legally established rate for the service rendered was $127.73 monthly. Defendant corporation was so notified, billed monthly in such an amount and paid the indebtedness promptly.

On January 1, 1956, the Public Utility Commission of the Commonwealth authorized an increased rate in telegraphic wire service so that effective as of that date, the monthly rate for the service enjoyed by defendant increased to the amount of $188.70.

However, plaintiff, through an oversight, failed to notify defendant corporation of this increase in the rate or monthly cost and continued to bill each month in the old amount and accept payment in accordance with the billing.

On August 2, 1956, plaintiff, for the first time, notified defendant corporation of the increase in rates and demanded payment retroactively in accordance with the rate revision. Payment was refused and defendant notified plaintiff to immediately discontinue the service. This suit resulted.

### Conclusions

Plaintiff is estopped from urging and collecting any other rate for the months involved other than that which it represented to be the correct amount due:

Northwestern National Bank v. Commonwealth, 345 Pa. 192.

We realize that a public utility is legally prohibited from discrimination between customers. If an incorrect bill had been forwarded and then corrected promptly or if defendant had been notified of the increased rate and then billed incorrectly, a substantially different situation would result. This is not the case herein and where two innocent parties are involved in a situation where one must suffer, the one who made it possible is the one who must shoulder the responsibility.

The case of the Scranton Electric Company v. Avoca Borough School District, 155 Pa. Superior Ct. 270, does not apply and is clearly distinguishable since therein the customer received monthly bills in the correct amount and was put on ample notice.

Now, March 26, 1958, judgment is entered for defendant.

This is a decree nisi and an exception to this ruling may be filed in accordance with law.

*Opinion sur Exceptions*

Before Hoban, P. J., Eagen and Robinson, JJ.

EAGEN, J., June 2, 1958.—We are here concerned with exceptions to a decree nisi wherein defendant won the judgment.

The facts which are not in dispute were stated in said decree as follows: Defendant corporation applied to plaintiff utility for intrastate private telegraph wire service between the cities of Scranton and Norristown. As a result such service was furnished from December 13, 1955, to August 16, 1956. At the time such service commenced, the legally established rate for the service rendered was $127.73 monthly. Defendant corporation was so notified, billed monthly in such an amount and paid the indebtedness promptly.

On January 1, 1956, the Public Utility Commission of the Commonwealth authorized an increased rate in telegraphic wire service so that effective as of that date, the monthly rate for the service enjoyed by defendant increased to the amount of $188.70.

However, plaintiff, through an oversight, failed to notify defendant corporation of this increase in the rate or monthly cost and continued to bill each month in the old amount and accept payment in accordance with the billing.

On August 2, 1956, plaintiff, for the first time, notified defendant corporation of the increase in rates and demanded payment retroactively in accordance with the rate revision. Payment was refused and defendant notified plaintiff to immediately discontinue the service.

The writer, after further consideration of the issue and a thorough discussion thereof with his judicial colleagues, must admit, although reluctantly, that his former decision in this case is legally incorrect and must be reversed.

It appears that a public utility may not under any circumstances receive from anyone a less rate for services rendered than that tariff established by the Pennsylvania Utility Commission: Public Utility Law of May 28, 1937, P. L. 1053.

"Contracts for the service of utilities are . . . made subject to the police power of the state . . . and it is beyond the power of the contracting parties to fix rates . . . Plaintiff's rates apply to defendant the same as other consumers notwithstanding the existence of any contract providing for a different rate or for a free service . . . The Public Service Company Law and the Public Utility Law supplant any agreement in so far as rates are involved between the consumer and the utility": Scranton Electric Company v. Avoca Borough School District, 155 Pa. Superior Ct. 270 at p. 274.

Buyers of service from public utilities are conclusively presumed to know the correct rates as established by the Commonwealth's commission and have no right to rely on rates quoted by the utility: Pettibone v. Richardson, 126 F. 2d 969 at p. 970.

Estoppel does not apply in cases of the nature involved.

These established legal principles may appear strange and unfair under circumstances as the instant case presents but the law deems such necessary to prevent anyone from receiving service from a utility without paying the same rate as his neighbor. Inequality among public service consumers the law prohibits and seeks to prevent.

Therefore, June 2, 1958, the exceptions to the decree nisi are sustained. Judgment is entered for plaintiff and against defendant in the sum of $471.01.