## BOSTON SAND & GRAVEL CO. v. UNITED STATES.

Circuit Court of Appeals, First Circuit.
June 4, 1927.

No. 2118.

**1. United States ⟷110—United States is not liable for interest on claims, without statutory provision therefor.**

United States is not liable to pay interest on claims against it, in absence of plain statutory provision to that effect.

**2. United States ⟷110—Owner of steam lighter, suing for damages for collision with United States destroyer by virtue of special act, held not entitled to interest (Act May 15, 1922, 42 Stat. 1589).**

Owner of steam lighter, bringing suit for damages arising out of collision with United States destroyer by virtue of Act May 15, 1922, 42 Stat. 1590, *held* not entitled to interest on damages allowed, in view of other legislation (Act March 9, 1920, § 3 [Comp. St. § 1251¼b] Act Feb. 28, 1923, 42 Stat. 1778; Act May 15, 1922, 42 Stat. 1589; Act March 3, 1925, § 2 [Comp. St. § 1251¾—2]); establishing that Congress' intent in failing to provide for interest under such special act was that interest should not be allowed.

**3. Costs ⟷12—Costs are discretionary with trial court.**

Costs awarded are within discretion of trial court.

**4. Admiralty ⟷119—Circuit Court of Appeals will correct counsel's inadvertent error in drawing decree dividing damages and costs, so as to allow full costs.**

Inadvertent error of counsel for libelant, in suit wherein one-half damages were allowed, in drawing decree dividing both damages and costs, will be corrected in Circuit Court of Appeals, to allow full costs therein, where court below did not exercise its discretion or have rule of court allowing full costs brought to its attention.

Appeal from the District Court of the United States for the District of Massachusetts; Elisha H. Brewster, Judge.

Suit by the Boston Sand & Gravel Company against the United States. Decree for libelant for one-half damages, without interest, and for one-half costs (16 F.[2d] 643), and libelant appeals. Modified and affirmed.

See, also, 298 F. 768.

Foye M. Murphy, of Boston, Mass. (Edward A. Neiley and Blodgett, Jones, Burnham & Bingham, all of Boston, Mass., on the brief), for appellant.

A. Chesley York, Asst. U. S. Atty., of Boston, Mass. (Frederick H. Tarr, U. S. Atty., of Gloucester, Mass., on the brief), for the United States.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge. The main question in this admiralty appeal is whether the United States is liable for interest on damages awarded under a special act not specifically providing for interest. The appellant filed on May 29, 1922, a libel to recover damages arising out of a collision of the United States government destroyer Bell with the Cornelia, on August 9, 1918, in Broad Sound Channel in Boston Harbor. On appeal from a finding in favor of the government, this court held (7 F.[2d] 278) both vessels at fault and that the damages to the vessels should be divided. On proceedings pursuant to the mandate, the court below, affirming a finding of the commissioner, entered judgment for the libelant for $45,542.34, one-half the damages, without interest, and for one-half the costs in that court. By this appeal the appellant seeks to recover interest at 6 per cent. from the date of the collision, and full costs. The suit is brought under a special act of May 15, 1922, 42 Stat. 1590, which reads:

"That the claim of the owner of the steam lighter Cornelia arising out of a collision between said steam lighter and the United States destroyer Bell in Broad Sound, Boston Harbor, Massachusetts, on the ninth day of August, 1918, for and on account of the losses alleged to have been suffered in said collision by the owner of said steam lighter Cornelia by reason of damages to or the loss of said steam lighter, her boats, engines, boilers, tackle, apparel, furniture, and supplies, may be submitted to the United States court for the district of Massachusetts, under and in compliance with the rules of said court sitting as a court of admiralty; and that the said court shall have jurisdiction to hear and determine the whole controversy and to enter a judgment or decree for the amount of the legal damages sustained by reason of said collision, if any shall be found to be due either for or against the United States, upon the same principle and measure of liability with costs as in like cases in admiralty between private parties with the same rights of appeal: Provided, that such notice of the suit shall be given to the Attorney General of the United States as may be provided by order of the said court, and it shall be the duty of the Attorney General to cause the United States attorney in such district to appear and defend for the United States: Provided, further, that said suit shall be brought and commenced within four months of the date of the passage of this act."

The appellant's chief reliance is a decision by the Circuit Court of Appeals for the Sec-

ond Circuit, dated January 10, 1927. New York & Cuba Mail S. S. Co. v. United States, 16 F.(2d) 945, 947. In that case that learned court, construing the special act of February 28, 1923 (42 Stat. 1778), which mutatis mutandis is identical with the act here in question, sustained the claim for interest, overruling the court below. The grounds of that decision appear in the following excerpt from the opinion of Circuit Judge Manton:

"By the authority of the statute, the appellee may maintain its libel, as it would between private parties. In a suit between private parties in admiralty growing out of collision, it has long been settled that interest is awarded as part of the measure of damages. The object of the award of damages is to place the injured party in the same pecuniary position as he would have been in but for the collision.

"This principle has been referred to in admiralty as that of the right to a full and complete indemnity. The phrase, the legal 'damages * * * found to be due * * * upon the same principles and measures of liability as in like cases in admiralty between private parties,' when given the interpretation intended by Congress in this enactment, included an award of interest, as is allowed in the case of a litigation between private parties in admiralty. The United States is not liable to pay interest, in the absence of a statutory provision to that effect, except where it has contracted to pay it, or where the United States submits itself to the jurisdiction of the court, or, if sued, places itself in the position of a private party. United States v. Thekla, 266 U. S. 340, 45 S. Ct. 112, 69 L. Ed. 313. Interest may be provided for by the name of legal damages. Congress has done so in granting this relief to private parties, where a vessel has been injured in collision with a public vessel. We must give to the language employed its ordinary and accepted meaning. We must presume that Congress intended that the principle of 'restitutio in integrum' should be applied, as it is in cases in admiralty of like nature between private parties. In The Paquete Habana, 189 U. S. 453, 23 S. Ct. 593, 47 L. Ed. 900; Nuestra Señora de Regla, 108 U. S. 92, 2 S. Ct. 287, 27 L. Ed. 662.

"In U. S. ex rel. Angarica v. Bayard, 127 U. S. 251, 8 S. Ct. 1156, 32 L. Ed. 159, interest was disallowed, and this because interest is not collectible against the government, except where the government stipulates to pay interest, or where interest is given expressly by an act of Congress, either by the name of interest or by that of damages. That

case is distinguishable because there was no such exception. In Seaboard Air Line Ry. v. United States, 261 U.S. 299, 43 S. Ct. 354, 67 L. Ed. 664, the Supreme Court pointed out the exception within the doctrine of the Angarica Case, where a statute employed terms so comprehensive as to require allowance of interest, and allowed interest as just compensation. The present act of Congress, upon which this libel is maintainable, provides for the jurisdiction, adjudication of conflicting claims of the government and a citizen, and requires such adjudication, including the measure of damages, to be made in the same legal method as private controversies are adjudicated. The intention of Congress is clear and explicit to grant full indemnity in the award against the United States, if any is made. Indemnity is not complete without interest. The admiralty courts in suits against private persons have always followed this rule. We think Congress intended that it should be followed in this instance."

We agree with that court that the question is purely one of statutory construction; what was the intent of Congress? The difficulty we find in according with the conclusion there reached is grounded in large part on the history of analogous legislation.

[1] We start with the well-settled principle that the United States is not liable to pay interest on claims against it, in the absence of a plain statutory provision to that effect. In United States v. Bayard, 127 U. S. 251, 260, 8 S. Ct. 1156, 1161 (32 L. Ed. 159) the court said:

"It has been established as a general rule, in the practice of the government, that interest is not allowed on claims against it, whether such claims originate in contract or in tort, and whether they arise in the ordinary business of administration or under private acts of relief, passed by Congress on special application. The only recognized exceptions are where the government stipulates to pay interest, and where interest is given expressly by an act of Congress, either by the name of interest or by that of damages."

[2] In this circuit there are two well-considered decisions, prior to this case, in which District Judges have held interest not recoverable under conditions indistinguishable from those now before us: The first is Pennell v. United States (D. C.) 162 F. 75, a decision by Judge Hale; and the second is by Judge Brewster, in Nantasket Beach Steamboat Co. v. United States, 297 F. 656.

The next step in determining the intent

of Congress, and a very important one, was the passage on March 9, 1920, of—

"An act authorizing suits against the United States in admiralty, suits for salvage services, and providing for the release of merchant vessels belonging to the United States from arrest and attachment in foreign jurisdictions, and for other purposes." 41 Stat. 525 (Comp. St. § 125¼ et seq.).

The legislation recognizes the government's new situation as the effective owner or operator of merchant vessels on the high seas. The act provides that such government vessels and their cargoes shall be exempt from seizure, but that libels in personam may be brought against the government, very much as against private parties. For present purposes, the provisions in section 3 are significant. That section provides:

"That such suits shall proceed and shall be heard and determined according to the principles of law and to the rules of practice obtaining in like cases between private parties. A decree against the United States or such corporation may include costs of suit, and when the decree is for a money judgment, interest at the rate of 4 per centum per annum until satisfied, or at any higher rate which shall be stipulated in any contract upon which such decree shall be based. Interest shall run as ordered by the court."

This act was obviously intended to provide generally for the government's obligations as effective owner and operator of merchant vessels or tugs, but did not cover naval vessels. The result was that numerous special acts were passed covering the government's possible liability for collisions with its naval vessels. These acts are, mutatis mutandis, identical with the act under which the present suit was brought. Compare Act Feb. 28, 1923, 42 Stat. 1778, for the relief of owners of the steamship Esperanza; Act May 15, 1922, 42 Stat. 1589, for the relief of the owners of the Horatio G. Foss.

The next important indication of the intention of Congress as to the payment of interest on damages arising out of its statutory liability in admiralty, is found in the Act of March 3, 1925, 43 Stat. 1112 (Comp. St. §§ 1251¾-1 to 1251¾-10). That act is entitled:

"An act authorizing suits against the United States in admiralty for damages caused by and salvage services rendered to public vessels belonging to the United States, and for other purposes."

In section 2 is the following:

"Such suits shall be subject to and proceed in accordance with the provisions of an act entitled 'An act authorizing suits against the United States in admiralty, suits for sal-vage services, and providing for the release of merchant vessels belonging to the United States from arrest and attachment in foreign jurisdictions, and for other purposes,' approved March 9, 1920, or any amendment thereof, in so far as the same are not inconsistent herewith, *except that no interest shall be allowed on any claim up to the time of the rendition of judgment unless upon a contract expressly stipulating for the payment of interest.*"

Here is an express provision that the United States shall not be liable for interest in cases arising from collisions with public or naval vessels, like the one now at bar, until judgment is rendered.

We are faced, then, with this question: Did Congress, when it passed these numerous private acts to relieve parties who alleged that they had suffered injury from collisions with naval vessels, intend to give successful litigants in such suits interest at 6 per cent. when, under the act of 1920, covering collisions with merchant vessels, interest was limited to 4 per cent., to "run as ordered by the court?" We cannot think that Congress, under these private acts, intended to give a more generous remedy to the parties injured by such collisions with naval vessels than were available to those bringing suits under the general act of 1920.

Apparently the court in the second circuit reached its conclusion as to the construction of these private acts without having its attention directed to the provision as to interest in the general act of 1920. To our minds, this provision in the general act is far more significant as to the purpose of Congress than is the somewhat general (and not unambiguous) language used in all these special acts—language undistinguishable from that which Judge Hale and Judge Brewster held inadequate to overcome the inference that Congress had not expressed a clear purpose to subject the government to the payment of interest.

Perhaps some, although not great, additional light is thrown upon the congressional purpose by the brief discussion in the Senate on February 16, 1926. 69th Congress, 1st Session, Congressional Record, pp. 3751, 3752. At that time Congress was considering like private bills for the relief of the owners of vessels injured in collision with public vessels of the United States. But it appeared that, on report from the committee on claims, the bill, as originally drafted, had been amended by striking out after the word "damages" the words "including interest." Several of these bills were then before the Senate, and Senator King inquired (page 3753):

"Do I understand that the interest provision has been stricken out of the bills which have just been passed, so that the judgments will not bear interest?

"Mr. Copeland: Yes. The words 'including interest' were stricken out of the bills."

In argument it is stated that there is a very large number of such private acts and many millions claimed. Under these conditions, a decision by the Supreme Court will doubtless, and appropriately, be sought.

[3] A minor contention of the appellant is of error by the court below in awarding only one-half costs. It is conceded that costs are within the discretion of the court. But it is stated that in this case, in the office of the appellant's counsel, the decree was inadvertently drawn, dividing both the damages and the costs; so that the court below did not exercise its discretion or have the rule in this circuit brought to its attention. Clearly, counsel for the appellant is correct in his contention as to the general rule in this circuit. Pennsylvania R. R. Co. v. Golden, 243 F. 256, 258, and cases cited; The Baltimore, 283 F. 728, 731.

[4] Under these circumstances, we think this merely inadvertent error should be corrected in this court. Accordingly the judgment below must be affirmed as to damages, but with full costs in the court below to the appellant. In this court, under the circumstances, the government is entitled to its costs.

The decree of the District Court is modified, to include full costs for the libelant, appellant, and, so modified, is affirmed; the appellee recovers costs in this court.