## KELLER v. CHOURNOS.

No. 5918.   Decided February 28, 1938.   (76 P. 2d 626.)

Rehearing denied May 16, 1938.

*Arthur Woolley,* of Ogden, for appellant.

*Thatcher & Young,* of Ogden, for respondent.

For opinion on rehearing, see 95 Utah 31, 79 P. 2d 86.

MOFFAT, Justice.

When this cause was argued, counsel for both parties suggested that, notwithstanding they knew the court always reads the record, they felt impressed to venture the suggestion that, in their opinion, it would be found interesting and valuable. The record has been carefully read. This was done before consideration of the assignments of error or the motion to dismiss the appeal was examined. We thus have the merits of the cause and the evidence upon the whole problem as submitted to the trial court in

mind. Without stating the reasons therefor, appellant would have had much difficulty in supporting his appeal on the merits. Respondent's motion to strike the bill of exceptions and dismiss the appeal strikes the ground from under respondent's cross-appeal. Respondent's assignments of error being based upon the bill of exceptions, leaves him in no position to complain even though he may have thought his cross-appeal was meritorious.

The matter is thus reduced to consideration of the judgment based upon the judgment roll. All of the errors assigned either in the appeal or cross-appeal depend for their support upon the bill of exceptions. An examination of the findings of fact and conclusions of law reveals that the judgment is supported thereby, and, the bill of exceptions being out of the cause, the findings of fact are presumed to be supported by the evidence. There remains to be stated, therefore, only the reasons why the motion to strike the bill of exceptions and dismiss the appeal must prevail.

A brief statement of the facts, in so far as they relate to the striking of the bill of exceptions, appears pertinent. The cause arose out of a claim and delivery action with L. L. Keller plaintiff and Nick Chournos defendant. Plaintiff sought possession, and by this action took possession, of a band of sheep and the equipment used in the operation of the project, claiming to be the owner and entitled to possession. The sheep were in charge of defendant and at the time were being grazed and fed at Promontory Point, Box Elder county, Utah. Upon bringing the action, a delivery bond was posted by plaintiff and redelivery was not claimed by defendant. Defendant answered and counterclaimed (or cross-complained, as the pleading is entitled) demanding an accounting and relied upon a series of agreements between plaintiff and defendant.

The matter was tried to the court as an equity cause involving an accounting, and upon defendant's theory. The claim and delivery action became a matter of background

only. After trial and submission of findings of fact and conclusions of law, a judgment was entered by the court in favor of defendant Nick Chournos, awarding him a money judgment. Trial was completed on the 20th day of May, 1936. The judgment and decree was entered July 13, 1936, by Honorable Melvin C. Harris, then judge of the First judicial district court. Notice of the entering of the judgment was served by counsel for defendant upon counsel for plaintiff on July 23, 1936. Motion for a new trial was duly made, and on August 10, 1936, was by the court denied. Notice thereof was served on plaintiff's counsel by defendant's counsel on August 12, 1936. Thereafter, counsel for plaintiff secured an extension of time, in which to prepare and settle the bill of exceptions on the appeal, until November 1, 1936.

It appears from the affidavit of counsel for appellant that because of some conversation with the court reporter he expected that there would be made from time to time such extensions as might be needed within which to prepare the transcript of the record on appeal. The notice of appeal was served on November 30, 1936, and filed with the clerk of the district court on January 13, 1937, within the time allowed by law for said appeal. No further extensions of time in which to serve, settle, and file the bill of exceptions were secured.

On June 13, 1937, an affidavit in behalf of appellant was made and filed in support of a motion asking to be relieved from his failure to serve and have settled and filed the bill of exceptions within the required time. This motion was resisted by defendant. Upon the affidavit and evidence taken, Honorable Lewis Jones, judge of the First judicial district, who had succeeded Judge Harris, entered an order declaring that appellant should be relieved from his default and failure to have his bill of exceptions in said cause served, settled, and filed within the time allowed by the court. Appellant was granted time to have the bill served and settled until June 18, 1937. The record further discloses that the

bill ordered to be settled by Judge Jones was settled by Judge Harris within that time so allowed. No findings of fact were made by the court upon the matter.

Summarizing what was stated before the trial court as a basis for the relief sought, it appears that judgment was entered July 13, 1936; motion for a new trial overruled August 10, 1936; and notice served of the overruling of the motion for a new trial August 12, 1936. On July 13, 1936, after the decree had been entered, counsel for appellant directed the court reporter to prepare a transcript, and requested him to take care of obtaining necessary extensions of time, which was agreed to by the reporter. Accordingly on August 29, 1936, he obtained an order giving appellant until November 1, 1936, to prepare and serve the bill. On July 14, 1936, the reporter, by letter, asked counsel for a deposit of $100 in part payment for preparing the transcript and on July 15, 1936, counsel for plaintiff replied:

"As soon as the situation seems to warrant it, I shall have Mr. Keller advance $100.00 to apply upon the record."

Whether right or wrong, the reporter seems to have assumed that this letter amounted to a cancellation of the order for the transcript and therefore took no further action in the matter. Early in November, 1936, counsel for defendant called the attention of counsel for plaintiff to the fact that his time for preparing and filing his bill of exceptions had expired and suggested a payment of the judgment. Notwithstanding this information and request, it was not until sometime in January, 1937, that counsel for plaintiff directed the reporter to proceed with the preparation of the transcript. It appears that the transcript was completed and delivered on February 27, 1937. It was not until June 10, 1937, that counsel for plaintiff took any action seeking to obtain relief from his default. The court has jurisdiction under provisions of section 104-14-4, R. S. Utah 1933, to grant relief sought in this case upon a proper showing. This section provides that the court may, "upon such terms as

may be just, relieve a party or his legal representative from a judgment, order or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect."

It has been held that the preparation and settlement of a bill of exceptions is a proceeding in a pending action, and that in case a party has failed to prepare, serve, and file his bill of exceptions within the statutory time he may apply to the court for relief; and, if he can show that he failed to do so through mistake, inadvertence, surprise, or excusable neglect, under the section above quoted, the court could relieve him and make an order settling the bill of exceptions to be served and filed although the statutory time had fully elapsed.

There is a difference, however, between being relieved *before* the time for settlement has elapsed and *after*. In the first instance, it is a matter of discretion of the court and is usually upon request ex parte granted; in the latter, the court's jurisdiction must be properly invoked and proof submitted and findings made showing cause for relief. In the case of *Tooele Improvement Co.* v. *Hoffman,* 44 Utah 532, 141 P. 744, 745, in construing the above-quoted section, Comp. Laws Utah, 1907, § 3005, carried into Comp. Laws 1917, § 6619, now section 104-14-4, R. S. Utah 1933, this court said:

"The court is without jurisdiction to grant relief, unless an application and showing is made to the court upon which it can base findings for or against the application. If the court finds the showing sufficient to authorize the relief sought, it should make an order allowing the proposed bill of exceptions to be served, and, if it finds the showing insufficient, make an order to the contrary. The findings and order, when properly served and made a part of the record on appeal, may then be reviewed by this court upon the application of either party the same as any other ruling in the case."

It will thus be seen that we may then review both the findings and the order.

In the instant case no findings were made upon which to base the order, and an examination of the evidence indicates that there was no proper showing justifying a finding of mistake, inadvertence, surprise, or excusable neglect. *State* v. *Bartholomew*, 85 Utah 94, 38 P. 2d 753, and cases cited, are in point.

The motion to strike the bill of exceptions and dismiss the appeal, which of necessity works an affirmance of the judgment, is granted. Respondent to recover costs.

FOLLAND, C. J., and HANSON, WOLFE, and LARSON, JJ., concur.