## S. W. SHATTUCK CHEMICAL CO. v. T. & M. TRANSP. CO.

### No. 2615.

Circuit Court of Appeals, Tenth Circuit.
March 11, 1943.

Robert E. More, of Denver, Colo. (Peter H. Holme and Peter H. Holme, Jr., both of Denver, Colo., on the brief), for appellant.

Lowell White, of Denver, Colo., for appellee.

Before BRATTON, HUXMAN, and MURRAH, Circuit Judges.

HUXMAN, Circuit Judge.

The T. & M. Transportation Company instituted this action against the S. W. Shattuck Chemical Company to recover under-charges of freight. The petition alleged that plaintiff was a common carrier by motor vehicle of freight in interstate commerce; that over a period of time it had hauled freight shipments for defendant from Denver to Chicago; that it had erroneously misquoted the applicable rate for such shipments, as a result of which it had failed to collect the lawful rate therefor. The amount for which judgment was sought was the difference between the quoted rate and the alleged lawful rate.

The shipments were consigned to New York. At Chicago they were delivered to connecting carriers for transportation to their destination. While it does not appear from the pleadings, it is agreed that the rate of $1.84 per hundred which was charged was a combination of local rates over the route employed in transporting these shipments to their destination. It is also agreed that over this route there was a through rate of $2.17 per hundred, and that where there is a through rate, it controls over local rates and that therefore $2.17 was the only lawful rate that could be

charged over the route employed in transporting the merchandise.

Defendant in its answer and cross petition, however, alleged that at all times there were available local rates and routes by which the merchandise could have been shipped to New York for $1.84; that plaintiff did not operate beyond Chicago; that it had promised to route the goods by the cheapest routes and rates available and applicable; that plaintiff failed to do this but routed the goods over a more expensive route; that if any under-charge accrued it arose because plaintiff failed to route these goods over an available route over which a local aggregate, lawful rate of $1.84 was applicable, notwithstanding its agreement so to do.

Upon notice, the court struck the answer on the ground that it failed to state a defense, and the counterclaim on the ground that it failed to state a claim on which relief could be granted. Defendant elected to stand on its answer and counterclaim, whereupon judgment was entered for plaintiff.

This was a through shipment from Denver to New York. It is conceded that where there is a through rate over a given route, it controls over a combination of local rates and is the only lawful rate that may be charged. If, however, there were available other routes and rates, as alleged in the answer, from Chicago to New York, over which these goods could have been transported for a total lawful rate of $1.84, plaintiff was duty bound to route them that way, because it had contracted to haul them for this amount. Whiting Co. v. Pennsylvania R. Co., 229 I.C.C. 334.

Defendant's answer and cross petition alleged that there were such routes and rates. It does not appear from the answer whether such alleged routes have a through rate. They may not have one, or if they do, it may not be greater than the combination of local rates. Whether there were such routes and rates could not be established from the pleadings. This could be determined only after a full trial and a consideration of all the evidence. Defendant was entitled to an opportunity to support the allegations of its answer and cross petition with evidence if it could.

Reversed and remanded for further proceedings in conformity with the views expressed herein.