## THOMPSON v. TEXARKANA COTTON OIL CORPORATION.

### Civ. No. 96.

District Court, W. D. Arkansas, Texarkana Division.

Dec. 3, 1943.

See, also, 2 F.R.D. 373.

J. M. Chaney, of St. Louis, Mo., and Leffel Gentry, of Little Rock, Ark., for plaintiff.

James D. Head, of Texarkana, Ark., Ralph W. Currie and Frank A. Leffingwell, both of Dallas, Tex., for defendant.

LEMLEY, District Judge.

This cause having been submitted to the jury on written questions with respect to certain issues of fact, but not as to all issues of fact, and the jury having answered said questions, and the court having heard all of the evidence in the case, and being fully advised, doth make the following findings of fact and conclusions of law:

### Findings of Fact.

I. This suit is one which arises under the Interstate Commerce Act, 49 U.S.C.A.

§ 1 et seq., which is a law regulating commerce, by reason of which this court has jurisdiction.

II. The suit was brought by Guy A. Thompson, as trustee for the Missouri Pacific Railroad Company, debtor, as plaintiff, against the Texarkana Cotton Oil Corporation, as defendant, to recover alleged undercharges on twenty-six different carload shipments of cotton linters, each of which shipments moved over the lines of the plaintiff in interstate commerce. Said shipments are described generally in sub-paragraphs 1 to 26, inclusive, of Paragraph 11 of the plaintiff's complaint, which is here referred to. Hereinafter, in designating these shipments, they will be described by shipment numbers according to the sub-paragraph numbers of Paragraph 11 of said complaint.

III. I find that on the various dates set out in sub-paragraphs 1 to 12, inclusive, of Paragraph 11 of plaintiff's complaint, the defendant, the Texarkana Cotton Oil Corporation, as shipper, shipped in interstate commerce via the lines of the plaintiff the twelve carload shipments of cotton linters described as shipments 1 to 12 inclusive. Each such shipment moved under the standard form of bill of lading (either straight or order), in which the consignor was shown to be the defendant. In each such instance the non-recourse clause of Section 7 of the contract terms and conditions of the bill of lading was executed by the defendant. Each of said bills of lading was received in evidence as plaintiff's Exhibits 1 to 12, inclusive, respectively.

IV. With respect to shipments 13 to 26, inclusive, I find that each of them moved under the standard form of shipper's order notify bill of lading, in which Kauders-Steuber Company, a third party, not connected with the defendant, is shown as the shipper or consignor. In each of said shipments 13 to 26, inclusive, with the exception of shipments 15, 18, 20, and 24, the non-recourse clause of Section 7 of the contract terms and conditions of the bill of lading was executed by the shipper. In Shipments 15, 18, 20, and 24, said non-recourse clause of Section 7 was not executed by any person. These bills of lading were likewise received in evidence as Plaintiff's Exhibits 13 to 26, inclusive.

I find as a fact that in the instance of each of the shipments numbered 13 to 26, inclusive, Kauders-Steuber Company was the shipper or consignor, and that the Texarkana Cotton Oil Corporation, the defendant herein, was not the shipper or consignor.

I further find as a fact, with respect to said shipments 13 to 26, inclusive, that there was no agreement on the part of the defendant herein to pay any freight charges on any of said shipments.

V. An interrogatory was submitted to the jury, concerning each of the twenty-six shipments involved in this cause, with respect to the length of car ordered on each such occasion. The jury answered such interrogatory by stating, in effect, that upon clear and convincing proof it found that as to each such shipment the employees of the defendant had ordered a car 50 feet in length, and not forty feet in length as shown on the bills of lading.

VI. With respect to shipments 6 and 12, the Court finds that there is no substantial evidence to support the answers of the jury that as to those two shipments fifty foot cars were ordered; and as to those two shipments the Court finds that the preponderance of the evidence is that forty foot cars were ordered, and accordingly the Court itself finds that forty foot cars were ordered in those two instances.

As to the remaining twenty-four shipments, the Court finds that there is evidence from which the jury could have found by clear and convincing proof that fifty foot cars were in fact ordered. Such findings of the jury as to said remaining twenty-four shipments are here adopted and entered as the findings of this Court.

VII. There was submitted to the jury an issue of fact as to whether or not on the occasion of each shipment the plaintiff could have furnished cars forty feet in length. The jury found by a preponderance of the evidence that the plaintiff could have furnished forty foot cars on each such occasion. This finding is supported by substantial evidence and is adopted by the Court as its finding with respect to each of such shipments.

VIII. I find that there is a general custom and practice in the transportation industry that the shipper of merchandise ordinarily physically prepares the bill of lading and tenders it to the carrier for signature. I find that such bill of lading is prepared in sets; that one copy is delivered to the shipper, which copy must be surrendered to the carrier before the shipment can be delivered; another copy is re-

tained by the carrier at its originating station as a part of its station records; and a third copy is delivered to the shipper as his original record. I find that in each instance the shipper caused to be placed on each bill of lading a notation reading: "40' 6" car ordered," or "40 foot car ordered larger car placed carrier's convenience," as shown by the respective bills of lading in evidence.

IX. I find that the rights of shippers to use fifty foot cars based on charges applicable to the use of forty foot cars are governed by the provisions of Rule 34 of Consolidated Freight Classification No. 12, which rule is in evidence.

X. I find that, with respect to the notations which should appear on a bill of lading, said Rule 34 provides as follows:

" * * * following notation must be made by agent on Bill of Lading and Waybill:

" 'Car ——— ft. in length ordered by shipper on ————— (date); car ——— ft. in length furnished by carrier on ————— (date), under Rule 34 of Consolidated Classification.' "

XI. I find that the term "agent" as used in the foregoing portion of Rule 34 means the agent of the carrier.

XII. I find as a fact that the notations which appeared on each of the bills of lading were considered by all parties, so far as their form was concerned, as being in substantial compliance with the provisions of Rule 34 with respect to the notation which that rule required to be placed on bills of lading when a larger car is furnished upon an order for a shorter car.

XIII. Based upon the findings of the jury, which findings were adopted as the findings of the Court to the extent hereinbefore stated, I find that the notations appearing on each of the bills of lading, save those covering shipments 6 and 12, were false notations, in that fifty foot cars had actually been ordered instead of forty foot cars as recited. I find that this fact was known at the time of making each of the shipments, in all instances, to the plaintiff and the defendant, and also to Kauders-Steuber Company in those instances where it was either consignor or consignee.

XIV. I find that, pursuant to the false recitals contained in each such bill of lading, the plaintiff billed and collected charges as though forty foot cars had been ordered and fifty foot cars furnished under the pro-

visions of Rule 34, when in truth there should have been billed and collected charges based upon the ordering and use, respectively, of fifty foot cars. This applies to all twenty-six of the shipments, except shipments 6 and 12; and it likewise applies to shipments 6 and 12 if the Court be in error in setting aside the jury's findings that fifty foot cars were ordered in the instances of said shipments 6 and 12.

XV. I find that if the defendant is liable to the plaintiff, it is liable in the following amounts, with interest at the rate of six (6) per cent. per annum on each amount as hereinafter shown:

| Shipment No. | Amount | With Interest From |
|---|---|---|
| 1 | $71.44 | 12– 7–39 |
| 2 | 60.65 | 12–27–39 |
| 3 | 80.41 | 12– 5–39 |
| 4 | 21.33 | 12–21–39 |
| 5 | 43.50 | 12–21–39 |
| 6 | 49.91 | 12–20–39 |
| 7 | 70.53 | 1–13–40 |
| 8 | 52.74 | 12–28–39 |
| 9 | 53.87 | 1– 2–40 |
| 10 | 53.43 | 1–10–40 |
| 11 | 37.21 | 4– 6–40 |
| 12 | 60.99 | 4–20–40 |
| 13 | 93.72 | 11–14–38 |
| 14 | 95.11 | 11–26–38 |
| 15 | 48.03 | 12–17–38 |
| 16 | 38.71 | 2– 7–39 |
| 17 | 39.52 | 2–10–39 |
| 18 | 69.82 | 2–17–39 |
| 19 | 89.75 | 4– 4–39 |
| 20 | 90.15 | 4–12–39 |
| 21 | 98.39 | 10–24–39 |
| 22 | 89.82 | 1– 9–40 |
| 23 | 88.62 | 1–11–40 |
| 24 | 90.22 | 1–22–40 |
| 25 | 50.14 | 2– 3–40 |
| 26 | 48.43 | 2–20–40. |

## Conclusions of Law

I conclude as matters of law the following:

I. The obligation to pay freight charges is a contractual one. With respect to shipments 13 to 26, inclusive, the Court having found that the defendant was not the shipper, and that no contractual relationship between the plaintiff and the defendant existed, there being no promise, express or implied, by the defendant to pay freight charges on these shipments, I conclude that the plaintiff is not entitled to recover any balance of freight charges from the defendant as to these shipments.

■ II. With respect to shipments 6 and 12, the Court having found that forty foot cars were ordered and fifty foot cars were furnished pursuant to Rule 34, and having found that the applicable freight charges have already been assessed, I conclude that no undercharge exists as to either shipment 6 or shipment 12; hence, there is no right of recovery.

■ III. With respect to shipments 1 to 5, inclusive, and 7 to 11, inclusive, in each of which the defendant was the consignor or shipper, the defendant is, by the express terms of the contract of carriage, obliged to pay all lawful freight charges due on each of such shipments, unless it can relieve itself by the execution of the non-recourse clause of Section 7 of the contract terms and conditions of the several bills of lading. In this connection, since the defendant participated with the plaintiff in a scheme, by means of placing false notations on the several bills of lading, by which it was made to appear that the lawful charges on the respective shipments were less than the lawful charges actually were, and which resulted in demand being made upon the ultimate consignee for only those charges which appeared to be due from the face of the bills of lading, I conclude that the defendant's execution of the non-recourse clause of Section 7 of the contract terms and conditions of the several bills of lading was ineffectual in law to relieve it of its contractual liability otherwise obtaining, and that the execution of such clause was a nullity.

■ IV. I further conclude, with respect to shipments 1 to 5, inclusive, and 7 to 11, inclusive, that, even though it be held that the execution of Section 7 of the contract terms and conditions of the several bills of lading was not a nullity, nevertheless, based upon the facts and circumstances stated in Conclusion of Law No. III, the defendant is estopped to rely upon its execution of the non-recourse clause of said Section 7.

V. The foregoing Conclusions of Law Nos. III and IV are likewise applicable if the Court be in error in its finding that as to shipments 13 to 26, inclusive, the defendant was not the shipper or consignor; and are likewise applicable to shipments 6 and 12 if the Court be in error in setting aside the jury's findings that fifty foot cars were ordered in the instances of those two shipments.

VI. I conclude that judgment should go for the plaintiff as to shipments 1 to 5, inclusive, and 7 to 11, inclusive, in the several amounts specified in Finding of Fact No. XV as to each of said shipments, together with interest thereon as in said finding indicated.

VII. I conclude that as to the remaining shipments, that is, shipments 6 and 12, and shipments 13 to 26, inclusive, judgment should go for the defendant.

VIII. By agreement of the parties, I conclude that each party should pay the costs by it incurred, respectively.