## T. & M. TRANSP. CO. v. S. W. SHATTUCK CHEMICAL CO.

No. 2994.

Circuit Court of Appeals, Tenth Circuit.

March 19, 1945.

Rehearing Denied April 16, 1945.

778

Lowell White, of Denver, Colo., for appellant.

Robert E. More, of Denver, Colo. (Tyson Dines, of Denver, Colo., on the brief), for appellee.

Before BRATTON, HUXMAN, and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

This appeal is a sequel to Shattuck Chemical Co. v. T. & M. Transportation Co., 10 Cir., 134 F.2d 394, and involves the applicability of motor carrier freight rates to thirty-five separate shipments of vanadic acid from Denver, Colorado, to New York, New York, over the freight lines of appellant, T. & M. Transporation Company from Denver to Chicago and Midwest Freight Forwarding Company from Chicago to New York. For the shipments in question, the appellant quoted and charged $1.84 per cwt. which represented the sum or combination of the appellant's established proportional rate of 85¢ per cwt. from Denver to Chicago and the established local rate of 99¢ per cwt. for the same merchandise from Chicago to New York. (85¢ per cwt. Denver to Chicago+99¢ per cwt. Chicago to New York=$1.84 per cwt.) The established through rate for the route over which the merchandise actually moved (T. & M. Transportation-Midwest Freight Forwarding) was $2.17 per cwt. and after the shipments in question the appellant here, as carrier, brought this suit to collect the difference between the rate quoted and charged ($1.84 per cwt.) and the established through rate ($2.17 per cwt.).

By answer and counterclaim, the defendant, as shipper, alleged that the appellant, as carrier, solicited the shipments in question and promised to route and ship them to destination in New York by the "cheapest routes and rates available and applicable". That when all the merchandise in question was shipped there were applicable local rates from Denver to Chicago and

from Chicago to New York, the sum of which exactly equaled $1.84 per cwt. and that according to the carrier's agreement this rate was the lawful applicable rate. In the alternative, and for cause of action in the counterclaim, it was alleged that if the merchandise moved over a route for which there was applicable a rate in excess of $1.84 per cwt., it was because of the breach of promise on the part of the carrier to ship the merchandise "over the cheapest route and rate available and applicable", and that by reason thereof the shipper had been damaged in the amount of the undercharges claimed.

The trial court sustained a motion to dismiss the counterclaim and to strike the answer. The shipper elected to stand thereon, and judgment was entered for the carrier. Giving conclusive effect to the allegations in the answer and counterclaim on a motion to strike and dismiss, we held on appeal that although the route over which the shipments in question moved carried a through rate of $2.17 per cwt., which rate controlled over any combination of rates, for the same route, yet if as pleaded there was another available route carrying a lower applicable rate, the carrier was bound to ship the merchandise over this route and to charge the applicable rate therefor in accordance with its pleaded promise, and failing to do so it was liable to the shipper for the breach of its agreement. Accordingly, we remanded the case to permit the shipper to "support the allegations of its answer and cross-petition with evidence, if it could".

On remand much testimony was adduced by both parties touching the availability of routes and applicable rates for shipments of this kind from Chicago to New York. According to the evidence there were approximately twenty other lines between Chicago and New York, whose established rates for the merchandise in question was 99¢ per cwt., which when added to the carrier's proportional rate of 85¢ per cwt. between Denver and Chicago, amounted to exactly $1.84 per cwt. That, if for example the bill of lading had read T. & M. Transportation Company to Chicago and Adams Storage and Transfer Company, Chicago to New York, the applicable rate would have been $1.84 per cwt. In support of the allegations concerning the promise of the carrier to route the shipments over the cheapest available route, the shipper introduced the testimony of its office man-

ager who testified that a Mr. Behr, representing the carrier, called at his office and informed him that certain truck lines "had put through" a $1.84 per cwt. rate for the merchandise in question between Denver and New York; that "he had voted for it" and "belonged to the same tariff", and that "he could handle our shipments at $1.84" and instructed the shipper "to just go ahead and route them Midwest just as you have been routing them, that will give you the $1.84 rate". Thereafter the shipper, in accordance with these instructions continued to ship the merchandise in question from September 12, 1938 to June 4, 1940, upon bills of lading prepared by it, in which the merchandise was routed T. & M. Transportation Company to Chicago and Midwest Freight Forwarding Company Chicago to New York, and in accordance with the alleged agreement T. & M. Transportation Company charged $1.84 per cwt. when the admitted applicable through rate for shipments of this kind over this route was $2.17 per cwt.

The trial court held that since the evidence established "beyond a doubt" there was another available route over which the merchandise could have been shipped for an applicable rate of $1.84 per cwt. instead of $2.17 per cwt., the appellant had not established the undercharges. Judgment was entered for the defendant shipper and the carrier has appealed.

■ Admittedly, all the merchandise in question moved over the T. & M. Transportation Company to Chicago and Midwest Freight Forwarding Company, Chicago to New York in accordance with the bills of lading prepared by the shipper, and although as the trial court found, the bills of lading were prepared under the instructions of the carrier in accordance with its alleged agreement to select the cheapest available route, yet we must agree that the through rate applicable to the designated route controls any combination of rates over this route, and the through rate of $2.17 per cwt. is the only lawful rate that can be charged, notwithstanding an agreement or quotation to the contrary. Louisville & Nashville R. Co. v. Maxwell, 237 U.S. 94, 35 S.Ct. 494, 59 L.Ed. 853, L.R.A., 1915E, 665; Roberts Federal Liabilities of Carriers, Second Edition, Secs. 294 and 295, page 605. If, however, the carrier promised the shipper to select the cheapest available rate and route and to ship the merchandise accordingly and failed to do so, it is liable to the shipper in damages for the difference between the rate charged and the cheapest applicable and available rate. Northern Pacific R. v. Solum, 247 U.S. 477, 38 S.Ct. 550, 62 L.Ed. 1221; Western Grain Co. v. St. Louis-San Francisco R. Co., 5 Cir., 56 F.2d 160; Galveston, H. & S. A. R. Co. v. Lykes Bros., D.C.. 294 F. 968; St. Louis Southwestern R. v. Lewellen Bros., 5 Cir., 192 F. 540; Roberts Federal Liabilities of Carriers, Second Edition, Sec. 332, p. 659. It was upon this postulate that we held the counterclaim good as against a motion to dismiss and remanded the case for proof touching the availability of the routes and the carrier's alleged promise to select the cheapest available one.

■ The proof supports the finding of the trial court to the effect that there were other available routes over which the merchandise in question could have moved at the rate charged and collected, but that finding is not dispositive of our case. In arriving at its legal conclusion the trial court assumed, without deciding, the primary premise to the effect that the carrier promised to select the cheapest available route, but it made no finding in that regard. The testimony relied upon by the shipper to support these essential allegations in his counterclaim was to the effect that the route over which the merchandise had been moving, and would continue to move under the agreement, carried an applicable rate of $1.84 per cwt. There was no misunderstanding concerning the route over which the merchandise would move—both parties understood that the merchandise would move over the route designated in the bills of lading. The misrepresentation pertained not to the route but to the applicable rate for that route. "A misstatement or misquotation of the rate over a given route is one thing; misrouting is a different matter." Louisville & Nashville R. Co. v. Maxwell, 237 U.S. 94, 99, 35 S.Ct. 494, 496, 59 L.Ed. 853, L.R.A.1915E, 665. It is plain therefore, that the legal effect of the promise relied upon by the shipper was a misrepresentation or misquotation concerning the rates over a designated route.

We conclude that the evidence is legally insufficient to support the essential allegations in the counterclaim and the case is reversed with directions to dismiss the same and to enter judgment for the appellant.