T. & M. TRANSP. CO. v. S. W. SHATTUCK
CHEMICAL CO.

No. 3369.

Circuit Court of Appeals, Tenth Circuit.

Jan. 13, 1947.

Lowell White, of Denver, Colo., for appellant.

Robert E. More, of Denver, Colo., for appellee.

Before BRATTON, HUXMAN and MURRAH, Circuit Judges.

BRATTON, Circuit Judge.

T. & M. Transportation Company, hereinafter referred to as the carrier, is a common carrier for hire of freight by motor vehicle and it operates a line of mo-

tor trucks in interstate commerce between Denver, Colorado, and Chicago, Illinois. S. W. Shattuck Chemical Company, hereinafter referred to as the shipper, is engaged in business in Denver. Extending over a period of approximately three years, the shipper delivered to the carrier from time to time thirty-five separate shipments of vanadic acid for transportation from Denver to New York, via Chicago. The carrier transported the shipments from Denver to Chicago and there delivered them to a connecting carrier for movement on to New York. The rate charged was $1.84 per hundredweight, and that amount was paid. The carrier instituted this action to recover for undercharges, alleging that the legal rate applicable to the several shipments was $2.17 per hundredweight. The shipper pleaded by answer and counterclaim that the carrier had agreed to route the shipments by the cheapest routes and rates available; that there were available routes over which the merchandise could have moved for a rate of $1.84; and that the failure of the carrier to route them over one of such routes constituted a breach of its agreement with the shipper. The court struck the matter pleaded by way of defense and counter-claim and rendered judgment for the carrier. We reversed, 134 F.2d 394. Thereafter, the cause was tried to the court and judgment was rendered for the shipper. We reversed for failure of proof establishing the agreement pleaded in the answer and counter-claim, 148 F.2d 777. The court then entered judgment for the carrier for the total amount of the several undercharges, with interest thereon from the date of the judgment of this court on the second appeal, and for the costs accruing after our mandate on the first appeal. The carrier appealed.

■ The carrier is required to collect and the shipper to pay the full charge specified in the controlling tariff rates having application to an interstate shipment of freight. Pittsburg, Cincinnati, Chicago & St. Louis Railway Co. v. Fink, 250 U.S. 577, 40 S.Ct. 27, 63 L.Ed. 1151. Both the shipper and the carrier are bound to take notice of such rates. Atchison, Topeka & Santa Fe Railway Co. v. Robinson, 233 U.S. 173, 34 S.Ct. 556, 58 L.Ed. 901. Neither ignorance nor misquotation will justify the paying of less than the effective tariff rate. Louisville & Nashville Railroad Co. v. Maxwell, 237 U.S. 94, 35 S.Ct. 494, 59 L.Ed. 853, L.R.A.1915E, 665. That unyielding rule is manifestly rigid, and it undeniably may result in hardship in some instances. But it is the essence of the Congressional policy clearly embodied in the Interstate Commerce Act, 49 U.S.C.A. § 1 et seq., the purpose being to prevent every form of discrimination.

■ The question of interest on the undercharges is submitted on the assumption that the substantive law of Colorado is controlling. Where jurisdiction of a United States Court is based upon diverse citizenship and the nature of the action is for money due on account and interest is not fixed in some binding manner, the law of the state is to be applied in respect of the allowance of interest. Jones v. Foster, 4 Cir., 70 F.2d 200. But this is not an action of that kind in which jurisdiction is based upon diverse citizenship. It is an action under federal law for the recovery of undercharges on shipments of freight in interstate commerce. Interest on undercharges of that nature has been allowed on general principles without reference to the local law of the state, in some instances with discussion of the question and in some without. National Carloading Corporation v. Atchison, Topeka & Santa Fe Railway Co., 9 Cir., 150 F.2d 210; Thompson v. Texarkana Cotton Oil Corporation, D.C., 54 F.Supp. 212; Mellon v. Johnson Co., 196 Wis. 64, 219 N.W. 352; Central of Georgia Railway Co. v. Birmingham Sand & Brick Co., 9 Ala.App. 419, 64 So. 202; Missouri, Kansas & Texas Railroad Co. v. Trinity County Lumber Co., 1 Tex.Civ.App. 553, 21 S.W. 290. And interest on overcharges of freight for interstate shipments from the date of their occurrence has been upheld on general principles without regard to the substantive law of the state. Arkadelphia Milling Co. v. St. Louis Southwestern Railway Co., 249 U.S. 134, 39 S.Ct. 237, 63 L.Ed. 517;

Louisville & Nashville Railroad Co. v. Sloss-Sheffield Steel & Iron Co., 269 U.S. 217, 46 S.Ct. 73, 70 L.Ed. 242. On general principles, interest should have been allowed on the several undercharges from the respective dates on which they occurred.

 But if the question be approached on the assumption that the local law of Colorado is controlling, we think the outcome is the same. It is provided by statute in that state that in the absence of an agreement concerning the matter, interest shall be allowed on money due on account from the date when it became due at the rate of six per cent per annum. 3 Colo. Stats.Ann.1935, chapter 88, section 2. The statute does not authorize interest on an unliquidated claim such as one for damages. Union Exploration Co. v. Moffat Tunnel Improvement District, 104 Colo. 109, 125, 89 P.2d 257. But this action is predicated upon a liability fixed by law, and an obligation of that kind is a liquidated liability. Washington Terminal Co. v. District of Columbia, 49 App.D.C. 325, 265 F. 965. The mere fact that the validity of the claim has been in dispute does not preclude the recovery of interest. Louisville & Nashville Railroad Co. v. Sloss-Sheffield Steel & Iron Co., supra. Assuming that the law of Colorado has controlling effect, and treating the obligation as a liquidated liability in the nature of money due on account, the allowance of interest from the respective dates on which the respective undercharges arose is mandatory. City of Denver v. Barber Asphalt Paving Co., 10 Cir., 141 F. 69, certiorari denied, 170 U.S. 705, 18 S.Ct. 941, 42 L.Ed. 1218.

The judgment is attacked on the further ground that the court erred in failing to tax against the shipper the costs incurred on the first appeal. The shipper took that appeal and prevailed. The judgment was reversed and the cause remanded for further proceedings. It is the well established general rule that except as otherwise provided by statute the taxing of costs rests largely in the sound judicial discretion of the trial court and that its action in respect thereto will not be over-turned on appeal unless there was an abuse of discretion. Fidelity & Deposit Co. of Maryland v. City of Cleburne, 5 Cir., 296 F. 643, affirmed, 269 U.S. 534, 46 S.Ct. 99, 70 L.Ed. 398; Boston Sand & Gravel Co. v. United States, 1 Cir., 19 F.2d 744, affirmed, 278 U.S. 41, 49 S.Ct. 52, 73 L.Ed. 170; Freund v. Johnson, 7 Cir., 46 F.2d 272, certiorari denied, 283 U.S. 849, 51 S.Ct. 495, 75 L.Ed. 1457; Bankers Securities Corporation v. Ritz Carlton Restaurant & Hotel Co., 3 Cir., 99 F.2d 51; National Labor Relations Board v. Brashear Freight Lines, 8 Cir., 127 F.2d 198. There was no such abuse in this instance.

The judgment is modified by the allowance of interest on the several undercharges from the respective dates on which they occurred; and as modified, it is

Affirmed.