WOODMONT, INC., a corporation, and Continental Materials Corporation, formerly Continental Uranium, Inc., a corporation, Appellants,

v.

S. DANIELS, L. R. Allison and A. J. Haney, co-partners, doing business as Daniels Construction Company, Appellees.

No. 6587.

United States Court of Appeals
Tenth Circuit.
April 25, 1961.

Keith E. Taylor, Salt Lake City, Utah (Calvin A. Behle and Parsons, Behle, Evans & Moffatt, Salt Lake City, Utah, on the brief), for appellants.

Richard L. Dewsnup, Salt Lake City, Utah (Edward W. Clyde, Allan E. Mecham and Ray, Quinney & Nebeker, Salt Lake City, Utah, and J. R. Modrall, Albuquerque, N. M., on the brief), for appellees.

Before LEWIS and BREITENSTEIN, Circuit Judges, and KERR, District Judge.

LEWIS, Circuit Judge.

This appeal presents a post-trial problem requiring the application of the law of Utah as it pertains to interest allowable upon judgments obtained in the United States courts with jurisdiction based upon diversity of citizenship. Appellees obtained such a judgment which this court affirmed in its entirety after considering contentions made both upon appeal and cross-appeal. Woodmont, Inc. v. Daniels, 10 Cir., 274 F.2d 132. An effort by appellees to obtain further review of their cross-appeal by certiorari to the United States Supreme Court was denied by that court. Daniels et al. v. Woodmont, Inc. et al., 362 U.S. 968, 80 S.Ct. 955, 4 L.Ed.2d 900. The controversy takes its present aspect because of the allowance of interest upon the judgment by the United States District Court for the District of Utah for the period during the pendency of appeal to this court and the delay attendant in the attempt to obtain review in the United States Supreme Court. The applicable statutes are 28 U.S.C.A. § 1961[1] and Utah Code Annotated 1953, 15–1–4.[2]

In interpreting 28 U.S.C.A. § 1961 we have earlier indicated, when jurisdiction of a United States Court is based upon diverse citizenship and interest upon judgments is not specifically fixed in some other and binding manner, that the law of the state is controlling in the allowance of interest. T. & M. Transp. Co. v. S. W. Shattuck Chemical Co., 10 Cir., 158 F.2d 909. And see Jones v. Foster, 4 Cir., 70 F.2d 200. An examination of the Utah cases indicates that the Utah statute, supra, should be interpreted liberally and the cases are persuasive that interest is allowable upon judgments from the date of entry even though the judgment creditor participates affirmatively in appeal.

In Hewitt v. General Tire and Rubber Company, 5 Utah 2d 379, 302 P.2d 712, it was held that the erroneous order of the trial court setting aside a judgment entered upon a verdict did not prevent the running of interest upon the judgment from the date of original entry. The original and ultimate judgment creditor was the sole appellant. And in Keller v. Chournos, 95 Utah 25, 76 P.2d 626, delay in the finality of a judgment was occasioned by the attempts of both parties to appeal. In a subsequent proceeding, 95 Utah 31, 79 P.2d 86, the Supreme Court of Utah specifically allowed interest upon the judgment at the statutory rate.

Under Utah law a successful litigant could not avail himself of an ad-

---

1. 28 U.S.C.A. § 1961:

"Interest shall be allowed on any money judgment in a civil case recovered in a district court. Execution therefor may be levied by the marshal, in any case where, by the law of the State in which such court is held, execution may be levied for interest on judgments recovered in the courts of the State. Such interest shall be calculated from the date of the entry of the judgment, at the rate allowed by State law."

2. U.C.A. 15–1–4:

"Interest on judgments.—Any judgment rendered on a lawful contract shall conform thereto and shall bear the interest agreed upon by the parties, which shall be specified in the judgment; other judgments shall bear interest at the rate of eight per cent per annum."

vantageous statutory interest rate by the expedient of initiating appellate delay. A tender of payment will discharge interest. LeVine v. Whitehouse, 37 Utah 260, 109 P. 2. In the instant case appellant made no final tender but argues that such would have been futile in view of appellees' dissatisfaction with the judgment as evidenced by the cross-appeal and petition for certiorari. This speculative position is of course balanced by appellants' own dissatisfaction with the judgment which would similarly indicate an unwillingness to make any tender, futile or not. In any event we are content to rely upon the trial court's interpretation in a matter of purely local law, Cranford v. Farnsworth & Chambers Co., Inc., 10 Cir., 261 F.2d 8; Bernhardt v. Polygraphic Co. of America, Inc., 350 U.S. 198, 204, 76 S.Ct. 273, 100 L.Ed. 199, and join in that court's belief that Utah would follow the reasoning of the Supreme Court of California:

" * * * An appeal does not stop the running of interest, and to obtain such result the obligor must make a sufficient tender. Ferrea v. Tubbs, 125 Cal. 687, 692, 58 P. 308. Appellant makes no claim that a tender or offer of payment was made after the entry of judgment or pending the appeal, but merely assumes that it would have been rejected if made. In such assumption, appellant indulges in pure speculation as to a claim which could easily have been demonstrated as a matter of fact. The only way in which appellant could have avoided or terminated his liability to pay interest during pendency of the appeal was to have made an actual tender. Western Lithograph Co. v. Vanomar Producers, 62 Cal.App. 644, 648, 217 P. 534. Otherwise, analogous considerations would require that in any case in which the proper amount of a money judgment might be at issue on appeal, a tender of the amount admitted to be owing would be unnecessary because it presumably would be rejected and the running of interest should therefore automatically be stopped until the decision becomes final upon appellate review. * * * " Beeler v. American Trust Co., 28 Cal.2d 435, 170 P.2d 439, 441.

Affirmed.